Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2403
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
PATRICIA CLAIRE BANKSTON

ORIGINAL FILED
07 AUG -2 PM 2:06
RICHARD W. WIEKING
U.S. DISTRICT COURT
NO. DIST. OF CA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA CLAIRE BANKSTON,<br><br>       Plaintiff,<br><br>v.<br><br>PHYCOM CORP., a California corporation,<br><br>       Defendant. | Case No. C 07 03982 JF PVT<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.*<br>California Civil Code § 1812.700 *et seq.* |

Plaintiff, PATRICIA CLAIRE BANKSTON (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1.  This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff also seeks statutory damages, attorney fees and costs for the Defendant's violation of Cal. Civil Code §§ 1812.700-1812.702.

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

6. Plaintiff, PATRICIA CLAIRE BANKSTON (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, PHYCOM CORP. (hereinafter "PHYCOM"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 2209 Coffee Road, Suite M, Modesto, California 95355-2360. PHYCOM may be served as follows: PhyCom Corp., c/o Nick Maddocks, Agent for Service of Process, 2209 Coffee Road, Suite M, Modesto, California 95355-2360. The principal business of PHYCOM is the collection of debts using the mails and telephone, and PHYCOM regularly attempts to collect debts alleged to be due another. PHYCOM is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). PHYCOM is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

///

## VI. FACTUAL ALLEGATIONS

8. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a medical account issued by Radiological Associates (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

9. Sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

10. Thereafter, Defendant sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. A true and accurate copy of the collection letter from PHYCOM to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

12. The collection letter (Exhibit "1") is dated August 10, 2006.

13. Plaintiff is informed and believes, and thereon alleges that the collection letter (Exhibit "1") was Defendant's initial communication with Plaintiff in connection with the collection of the debt owed to Radiological Associates.

14. The collection letter (Exhibit "1") states:

> . . . to make sure that you protect yourself, you should pay the balance in full, or contact our office to discuss your plans for payment. If you do not telephone, the Doctor will consider using a collection agency or civil action to pursue the debt.

15. The collection letter (Exhibit "1") falsely represented or implied that a lawsuit could or would be filed to collect the debt.

16. Plaintiff is informed and believes, and thereon alleges that neither Defendant nor Radiological Associates intended to file a lawsuit against Plaintiff as threatened by the collection letter (Exhibit "1").

17. The collection letter (Exhibit "1") was drafted and designed to instill a false sense of urgency in the reader.

18. The collection letter (Exhibit "1") represented or implied false threats of an imminent lawsuit with the intent to annoy, harass, and abuse Plaintiff.

1  19. The collection letter (Exhibit "1") states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notice this office within 30 days from receiving this notice, the office will: obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification to you.

20. The collection letter (Exhibit "1") does not include the notice required by Cal. Civil Code § 1812.700(a).

21. Plaintiff is informed and believes, and thereon alleges that Defendant has sent standard form collection letters in the form of Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

23. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 21 above.

24. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

25. Defendant, PHYCOM, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

26. The financial obligation owed to Radiological Associates by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

27. The collection letter (Exhibit "1") described above violates the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant falsely represented or implied that a lawsuit could or would be filed against Plaintiff to collect the debt owed to Radiological Associates, when neither Defendant nor Radiological Associates intended to actually file such a lawsuit, in violation of 15

-4-
COMPLAINT

U.S.C. § 1692e(5);

  b. Defendant falsely represented or implied that Defendant or Radiological Associates could or would file a lawsuit against Plaintiff to collect the debt owed to Radiological Associates, in violation of 15 U.S.C. § 1692e(10);

  c. Defendant misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

  d. Defendant drafted and designed its collection letter to instill a false sense of urgency in the reader, in violation of 15 U.S.C. §§ 1692e and 1692e(10); and

  e. Defendant falsely represented threats of an imminent lawsuit with the intent to annoy, harass, and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10).

28. Defendant has further violated the FDCPA in the following respects:

  a. Defendant failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendant *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4); and

  b. Defendant failed to send Plaintiff a written notice containing a statement that upon Plaintiff's written request, Defendant would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

29. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

31. Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

32. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 30 above.

33. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

34. Defendant, PHYCOM, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

35. PHYCOM is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

36. The financial obligation owed to Radiological Associates by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

37. The collection letter (Exhibit "1") described above violates the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant falsely represented or implied that a lawsuit could or would be filed against Plaintiff to collect the debt owed to Radiological Associates, when neither Defendant nor Radiological Associates intended to actually file such a lawsuit, in violation of 15 U.S.C. § 1692e(5), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j);

    b. Defendant falsely represented or implied that Defendant or Radiological Associates could or would file a lawsuit against Plaintiff to collect the debt owed to Radiological Associates, in violation of 15 U.S.C. § 1692e(10), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j);

      c.    Defendant misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

      d.    Defendant drafted and designed its collection letter to instill a false sense of urgency in the reader, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17; and

      e.    Defendant falsely represented threats of an imminent lawsuit with the intent to annoy, harass, and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j).

38.    Defendant has further violated the RFDCPA in the following respects:

      a.    Defendant failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendant *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4), as incorporated by Cal. Civil Code § 1788.17;

      b.    Defendant failed to send Plaintiff a written notice containing a statement that upon Plaintiff's written request, Defendant would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5), as incorporated by Cal. Civil Code § 1788.17; and

      c.    Defendant failed to include the "Consumer Collection Notice" required by Cal. Civil Code § 1812.700(a) in its first written notice initially addressed to Plaintiff.

39.    Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

40. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

41. As a result of the Defendant's violations of the RFDCPA, the Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C.§ 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17.

42. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C.§ 1692k(a)(3), as incorporated by Cal. Civil Code §1788.17.

43. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(b), 1692d, 1692d(3), 1692e, 1692e(10), 1692g(a)(4), 1692g(a)(5) and 1692f;

c. Declare that Defendant's collection letter attached hereto as Exhibit "1" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(c), 1788.12(d) and 1788.17;

d. Declare that Defendant's collection letter attached hereto as Exhibit "1" violates Cal. Civil Code § 1812.700(a) in that it does not contain the required "Consumer Disclosure Notice";

e. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

-8-
COMPLAINT

    g.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

    h.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17; and

    i.    Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
       Fred W. Schwinn, Esq.
       Attorney for Plaintiff
       PATRICIA CLAIRE BANKSTON

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PATRICIA CLAIRE BANKSTON, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.