JEFFER, MANGELS, BUTLER & MARMARO LLP
MICHAEL J. HASSEN (Bar No. 124823), mjh@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone:   (415) 398-8080
Facsimile:    (415) 398-5584

Attorneys for Defendant PHYCOM CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| PATRICIA CLAIRE BANKSTON, | CASE NO.   C07-03982 JF PVT |
|---|---|
| Plaintiff, | **DEFENDANT PHYCOM CORP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |
| v. | |
| PHYCOM CORP., a California corporation, | |
| Defendant. | Date:          November 16, 2007<br>Time:         9:00 a.m.<br>Courtroom: 3<br>Judge:        Hon. Jeremy Fogel |

I.  **INTRODUCTION**

Defendant PhyCom Corp. respectfully requests that this Court grant its motion to dismiss the Complaint of plaintiff Patricia Claire Bankston for failure to state a claim upon which relief may be granted. As a matter of law, the Notice of Assignment attached as Exhibit 1 to the Complaint does not violate either the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, or is California state-law equivalent, the Rosenthal Act, Cal. Civ. Code, § 1788 *et seq.* Accordingly, the Complaint must be dismissed.

II.  **STATEMENT OF FACTS**

Plaintiff admits that she sought and received medical treatment from Radiological Associates Medical Group ("RAMG"), and that she incurred a debt to RAMG for that medical

treatment.[1] Complaint, ¶ 8. Plaintiff did not pay this debt, and she does not allege otherwise. Accordingly, on August 10, 2006, defendant PhyCom Corp., a company that provides billing services to physicians and other medical providers, sent plaintiff a letter entitled, "Notice of Assignment," reminding her that she had not paid the debt of $35 and requesting payment. *See* Exh. 1 to Complaint. The notice further advised plaintiff that if she did not pay the debt or contact PhyCom to discuss the debt, then "the Doctor will consider using a collection agency or civil action to pursue the debt," *id.*

Almost a year later, on August 7, 2007, despite the fact that no steps had been taken during the intervening year to collect on the $35 debt, rather than pay the amount lawfully owing, plaintiff filed suit against PhyCom alleging violations of state and federal fair debt collection practice statutes.

## III. LEGAL ARGUMENT

### A. The Notice Complied With 15 U.S.C. § 1692g.

The FDCPA requires that a written notice of debt to a consumer contain the following:

1. The amount of the debt;
2. The name of the creditor to whom the debt is owed;
3. A statement that unless the consumer disputes the validity of the debt within 30 days the debt will be assumed valid;
4. A statement that if within 30 days the debtor disputes the debt in writing then the debt collector shall obtain verification of the debt or a copy of a judgment and forward the verification or judgment to the debtor; and
5. A statement that if within 30 days the debtor so requests in writing then the debt collector shall provide the name and address of the original creditor, if different from the debt collector.

15 U.S.C. § 1692g. The Notice sent by defendant to plaintiff satisfies each of these requirements.

---

[1] For information on RAMG, see www.radiologicalassociates.com.

First, the notice clearly identifies the "Balance" as "$35.00." Second, the notice clearly states that the debt is for the "Patient Account" of "RAMG." Third, the notice clearly states that "[u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid."[2] Fourth, the notice clearly states that "[i]f you notify this office within 30 days from receiving this notice, the office will: obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification to you." Finally, while the notice did not advise plaintiff that she could request the identify of the original creditor, *it provided her with that information* and, indeed, provided her with a mailing label to return her payment directly to that original creditor, RAMG – thus, the allegation of subparagraph 28.b. fails.

In light of the fact that the collection notice sent by defendant complied with the substantive requirements of the FDCPA, the motion to dismiss should be granted.

B. <u>The Notice Properly Advised Plaintiff Of Her Right To Verify The Debt</u>

Plaintiff alleges that the notice failed to advise her of her the to obtain verification of the debt. *See* Complaint, ¶ 27.c. Defendant fails to understand the basis for this allegation, and "[the] court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 1988). The notice clearly states: "If you notify this office within 30 days from receiving this notice, the office will: obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification to you." Exh. 1 to Complaint. Federal law requires nothing more. *See* 15 U.S.C. §§ 1692e and 1692e(10).

---

[2] Plaintiff complains that the notice failed to advise her that she had to make this request "*in writing*," Complaint, ¶ 28.a. This allegation truly elevates form over substance. The purpose of the FDCPA is to "prohibit debt collectors from engaging in abusive, deceptive and unfair practices," Complaint, ¶ 1. The fact that the notice provided plaintiff with *greater* rights than those mandated by federal law – that is, the fact that PhyCom would accept a *verbal* request, as well as written, as sufficient to cause defendant to obtain verification of the debt – cannot reasonably be held to be a violation of law. Defendant is unaware of any case authority holding that a debt collector is forbidden from extending to a debtor *more* rights than the debtor is afforded under the FDCPA. At the very least, the motion to dismiss would have to be granted because no conceivable prejudice could have resulted from this act, even if the Court somehow were to consider it a hyper-technical violation of the FDCPA. And certainly PhyCom's willingness to accept a verbal request for verification was not "done intentionally with the purpose of coercing Plaintiff to pay," *id.*, ¶ 29.

C.  **The Notice Did Not Threaten Imminent Legal Action**

Plaintiff alleges that the notice "represented or implied false threats of an imminent lawsuit," Complaint, ¶ 18. It plainly does not. On the contrary, it is plain from the letter – as borne out in fact – that nothing "imminent" would happen.

The notice states that if the balance is not paid or if plaintiff does not telephone PhyCom to discuss the debt, then "*the Doctor* will consider using a collection agency or civil action to pursue the debt," Exh. 1 to Complaint (italics added). A "least sophisticated debtor" will know, then, that *the Doctor* – clearly identified in the notice as **Radiological Associates** – would be the party deciding whether to initiate litigation or assign the debt to a collection agency, ***not defendant PhyCom***. The notice does not state that **PhyCom** would initiate legal action – only that the Doctor, Radiological Associates, "will consider" that option. That statement is entirely true. There is nothing false or misleading about it, and nothing suggests ***imminent*** legal action if payment is not made. On the contrary, the notice flatly contradicts such a suggestion in two ways. First, it advises plaintiff that ***Radiological Associates*** will make any decision concerning litigation, but that she is to "[d]irect all questions to PhyCom Corp." The only reasonable inference, even for a "least sophisticated debtor," is that the Doctor is giving PhyCom an opportunity to work things out before it considers what, if any, additional steps to take to collect the debt. Second, the notice expressly states that the Doctor will consider litigation "or using a collection agency." Again, the notice simply and truthfully advises the consumer of options available to the creditor if payment is not received. Federal law does not prohibit such statements, and it is obvious from the notice that the Doctor had not yet decided which course of action it would pursue so it does not threaten any "imminent" action.

In sum, the notice does not "falsely" represent or imply that a lawsuit "could or would be filed against Plaintiff to collect the debt owed to Radiological Associates," Complaint, ¶ 27.a.. This addresses subparagraph 27.b., 27.d. and 27.e. of the Complaint, as well.

As a final note, we observe that the notice is clear that PhyCom will not be involved in deciding whether to pursue further collection efforts, or litigation, or simply write off the $35 debt. Accordingly, plaintiff's allegations concerning whether defendant intended to file a lawsuit is

wholly misplaced. As with subparagraph 27.c., plaintiff's allegations that *PhyCom* would play any role in deciding upon litigation plainly falls within the sweep of *Sprewell*'s dictate that courts do not accept as true "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*, at 988. The notice is an exhibit to the Complaint, and the Court may therefore consider its plain language in ruling on this motion.

### D.  The Notice Did Violate The Rosenthal Act

Plaintiff alleges that the notice violated not only the FDCPA but also California's Rosenthal Act; however, each of the alleged violations of the Rosenthal Act is identical to the alleged violations of the FDCPA. *See* Complaint, ¶¶ 37-38. Accordingly, because the complaint fails to state a claim under the FDCPA, it fails to state a claim under California's Rosenthal Act.

### IV.  CONCLUSION

Defendant respectfully submits that the notice sent to plaintiff fully complied with the FDCPA (and, therefore, with California' Rosenthal Act), thus entitling defendant to dismissal of the Complaint for failure to state a claim.

DATED: September 10, 2007

JEFFER, MANGELS, BUTLER & MARMARO LLP
MICHAEL J. HASSEN

By: *[signature]*
MICHAEL J. HASSEN
Attorneys for Defendant PHYCOM CORP.

```
JEFFER, MANGELS, BUTLER & MARMARO LLP
MICHAEL J. HASSEN (Bar No. 124823), mjh@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584
```

Attorneys for Defendant PHYCOM CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA CLAIRE BANKSTON,<br><br>    Plaintiff,<br><br>v.<br><br>PHYCOM CORP., a California corporation,<br><br>    Defendant. | CASE NO.    C07-03982 JF PVT<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP RULE 12(b)(6)**<br><br>Date:         November 16, 2007<br>Time:        9:00 a.m.<br>Courtroom: 3<br>Judge:       Hon. Jeremy Fogel |

       Defendant PhyCom Corp.'s motion to dismiss the Complaint of plaintiff Patricia Claire Bankston came on for hearing on November 16, 2007, before the Honorable Jeremy Fogel in Courtroom 3 of the above-entitled Court. Michael J. Hassen of Jeffer, Mangels, Butler & Marmaro LLP appeared on behalf of defendant PhyCom Corp., and Fred W. Schwinn of the Consumer Law Center, Inc. appeared on behalf of plaintiff Patricia Claire Bankston.

       THE COURT, having reviewed and considered all pleadings and papers in support of and in opposition thereto, and having heard oral argument, and good cause appearing,

       IT IS HEREBY ORDERED that defendant PhyCom Corp.'s Motion to Dismiss the Complaint of plaintiff Patricia Claire Bankston pursuant to FRCP Rule 12(b)(6) is GRANTED.

Dated: _____

                                                             HONORABLE JEREMY FOGEL