1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2403
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   PATRICIA CLAIRE BANKSTON

6

7

8          **IN THE UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                   **SAN JOSE DIVISION**

10  PATRICIA CLAIRE BANKSTON,              Case No.  C07-03982-JF-PVT

11                     Plaintiff,

12  v.                                     **PLAINTIFF'S MEMORANDUM OF**
                                           **POINTS AND AUTHORITIES IN**
                                           **OPPOSITION TO DEFENDANT'S**
13  PHYCOM CORP., a California corporation, **MOTION TO DISMISS COMPLAINT**
                                           **PURSUANT TO FRCP 12(b)(6)**
14                     Defendant.

15                                         Judge:      Jeremy Fogel
                                           Date:       November 16, 2007
16                                         Time:       9:00 a.m.
                                           Courtroom:  3

17

18          COMES NOW the Plaintiff, PATRICIA CLAIRE BANKSTON, by and through counsel,

19  Fred W. Schwinn of the Consumer Law Center, Inc., and submits her <u>Memorandum of Points and</u>

20  <u>Authorities in Opposition to the Defendant's Motion to Dismiss Complaint Pursuant to FRCP</u>

21  <u>12(b)(6)</u>.

22                          **<u>NATURE OF THE CASE</u>**

23          This case was brought by PATRICIA CLAIRE BANKSTON (hereinafter "Plaintiff") against

24  a debt collection agency, PHYCOM CORP (hereinafter "PHYCOM").  Plaintiff alleges various

25  violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter

26  "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et*

27  *seq*. (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive

28  and unfair practices.  Plaintiff seeks statutory damages, attorney fees and costs under the FDCPA

                                   -1-

1  and RFDCPA.

2      This case arises out of the initial debt collection letter that was sent to Plaintiff by PHYCOM.

3  The debt being collected stemmed from $35 in medial charges owed to Radiological Associates

4  Medical Group.  Plaintiff alleges that the initial debt collection letter violates the FDCPA and

5  RFDCPA by: (1) falsely representing or implying that a lawsuit could or would be filed against

6  Plaintiff to collect the $35 debt owed to Radiological Associates, when neither PHYCOM nor

7  Radiological Associates intended to actually file such a lawsuit; (2) making false threats of an

8  imminent lawsuit with the intent to annoy, harass and abuse Plaintiff; (3) misrepresenting Plaintiff's

9  right to request a validation of the debt being collected; and (4) drafting and designing its debt

10  collection letter to instill a false sense of urgency in the reader.  The Plaintiff also alleges that

11  PHYCOM's initial debt collection letter failed to provide the validation notices required by 15

12  U.S.C. § 1692g(a)(4) & (5) and the Consumer Collection Notice required by Cal. Civil Code §

13  1812.700(a).

14                    **QUESTIONS PRESENTED**

15  1.    Does the Complaint state a claim against PHYCOM for violations of the FDCPA, RFDCPA

16        and Cal. Civil Code § 1812.700(a)?

17                    **ARGUMENTS AND AUTHORITIES**

18        **A.    Standard for Motion to Dismiss**

19        PHYCOM has filed a motion to dismiss this action for failure to state a claim upon which

20  relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In deciding

21  a motion to dismiss, a district court must accept the facts alleged in the Complaint as true.[1]  When

22  reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the factual allegations

23  of the Complaint are to be taken as true and construed in the light most favorable to the nonmoving

24  party.[2]  Generally, the Complaint should not be dismissed unless it appears that Plaintiff can prove

25

26

27        [1] *Scheuer v. Rhoades*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

28        [2] *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS          Case No.  C07-03982-JF-PVT

1    no set of facts that would entitle her to relief.[3]

2    **B.    The "Least Sophisticated Consumer" Standard Is Used to Analyze Violations of the FDCPA.**

3

4        The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices

5    by debt collectors."[4]  The statute is designed to protect consumers from unscrupulous collectors,

6    whether or not there is a valid debt.[5]  The FDCPA broadly prohibits unfair or unconscionable

7    collection methods; conduct which harasses, oppresses or abuses any debtor; and any false,

8    deceptive or misleading statements, in connection with the collection of a debt.[6]  The FDCPA also

9    requires the debt collector to provide the consumer with a notice of his or her validation rights.[7]

10       The United States Court of Appeals for the Ninth Circuit has held that whether a

11   communication or other conduct violates the FDCPA is to be determined by analyzing it from the

12   perspective of the "least sophisticated consumer."[8]  The "least sophisticated consumer" standard is

13   objective—not subjective.[9]  Courts determine whether the "least sophisticated consumer" would be

14   misled or deceived by the statements made in a collection letter as a matter of law.[10]

15       "The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA

16

17

18

19       [3] *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *Also, see*: Wright & Miller, Federal Practice and Procedure, Civil 2d § 1357.

20       [4] 15 U.S.C. § 1692(e).

21
22       [5] *Baker v. G.C. Services*, 677 F.2d 775, 777 (9th Cir. 1982).

23       [6] 15 U.S.C. §§ 1692d, 1692e, and 1692f.

24       [7] 15 U.S.C. § 1692g.

25       [8] *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988); *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).

26       [9] *Swanson*, 869 F.2d at 1227.

27
28       [10] *Wade*, 87 F.3d at 1100; *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1977); *Swanson*, 896 F.2d at 1225-26.

-3-

protects all consumers, the gullible as well as the shrewd."[11]  "While protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."[12]

"As the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff."[13]  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."[14]  Furthermore, the question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant to the FDCPA.[15]

It is important to note that by protecting consumers from abusive, deceptive and unfair collection practices, the FDCPA insures that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.[16]  Moreover, the FDCPA further insures that regardless of whether a consumer owes a debt, he or she will be treated in a reasonable and in a civil manner.[17]

Accordingly, Plaintiff asserts that whether or not PHYCOM violated the FDCPA must be

---

[11]  *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

[12]  *U.S. v. Nat'l Fin. Servs.*, 98 F.3d 131, 136 (4th Cir. 1996) (citations omitted);  *see also Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996);  *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993);  *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985);  *Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir. 1991);  *Avila v. Rubin*, 84 F.3d 222, 226-27 (7th Cir. 1996) ("the standard is low, close to the bottom of the sophistication meter").

[13]  *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990);  *see also Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992);  *Riveria v. MAB Collections*, 682 F. Supp. 174, 178-9 (W.D.N.Y. 1988).

[14]  *Russell*, 74 F.3d at 33;  *see also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997);  *Bentley*, 6 F.3d at 62;  *Clomon*, 988 F.2d at 1318.

[15]  *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992);  *Baker*, 677 F.2d at 777.

[16]  15 U.S.C. § 1692(e).

[17]  *Baker*, 677 F.2d at 777.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS          Case No.  C07-03982-JF-PVT

1   evaluated from the standpoint of the "least sophisticated consumer."

2       **C.**     **Under the Strict Liability Standard of the FDCPA, Plaintiff Has Plead**
3               **Numerous Violations of the FDCPA, as Seen from the Perspective of the "Least**
            **Sophisticated Consumer."**

4           To establish a violation of the FDCPA, one need only show that: (1) Plaintiff has been the

5   object of collection activity arising from a consumer debt, (2) the Defendant collecting the "debt"

6   is a "debt collector" as defined in the Act, and (3) the Defendant has engaged in any act or omission

7   in violation of the prohibitions or requirements of the Act.[18]  Plaintiff has pleaded each of these

8   elements: (1) Plaintiff is a consumer,[19] (2) PHYCOM is a debt collector,[20] and (3) PHYCOM

9   violated various sections of the FDCPA.[21]

10           Because the FDCPA is a strict liability statute, proof of one violation is sufficient to defeat

11   a motion to dismiss and support summary judgment for a Plaintiff.[22]  In light of this strict liability

12   standard, a consumer need not show intentional conduct by the debt collector in order to be entitled

13   to damages,[23] and there are no unimportant violations.[24]  Further, no proof of deception or actual

14

---

15      [18] *Kolker v. Duke City Collection Agency*, 750 F. Supp. 468, 469 (D.N.M. 1990); *Riveria*
16   *v. MAB Collections, Inc.*, 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988); *Withers v. Eveland*, 988 F.
Supp. 942, 945 (E.D. Va. 1997);  *Whatley v. Universal Collection Bureau, Inc*., 525 F. Supp. 1204,
17   1206 (N.D. Ga. 1981).

18      [19] Complaint (Doc. 1) ¶¶ 6 and 24.

19      [20] Complaint (Doc. 1) ¶¶ 7 and 25.

20      [21] Complaint (Doc. 1) ¶¶ 27 and 28.

21      [22] *See Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031, 1046-47 (W.D.
22   Wis. 2002) ("One false or misleading statement in a collection letter renders the entire
communication false or misleading and constitutes one violation"); *See also Cacace v. Luca*s, 775
23   F. Supp. 502, 505 (D. Conn. 1990); *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100, *4 (D.
Conn. Sept. 15, 1989); *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001); *Bentley v.*
24   *Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2nd Cir. 1993).

25      [23] *See Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613 (D. Nev. 1997).
26   *See also Russell*, 74 F.3d at 36 ("Because the Act imposes strict liability, a consumer need not show
intentional conduct by the debt collector to be entitled to damages.").

27

28      [24] *Bentley*, 6 F.3d at 63 (no non-actionable violations of FDCPA); *Taylor v. Perrin, Landry,*
*deLaunay & Durand*, 103 F.3d 1232, 1234 (5th Cir. 1997) (failure "to comply with any provision of

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS         Case No.  C07-03982-JF-PVT

1    damages is required to obtain statutory remedies.[25]

2        **D.    PHYCOM Failed to Send Plaintiff a Written Notice Containing a Statement**
3            **That If Plaintiff Notified PHYCOM *in Writing* Within Thirty from Receipt of**
        **the Debt Collection Letter That the Debt, *or Any Portion Thereof*, Is Disputed,**
4            **PHYCOM Would Obtain Verification of the Debt and That a Copy of the**
        **Verification Would Be Mailed to Plaintiff, in Violation of 15 U.S.C. §**
5            **1692g(a)(4).**

6            PHYCOM first argues that it provided Plaintiff greater validation rights that the FDCPA

7    required.[26]  This is simply not the law.  PHYCOM's initial debt collection letter to Plaintiff (a copy

8    of which is attached to the Complaint as Exhibit "1") reads in relevant part as follows:

9        Unless you notify this office within 30 days after receiving this notice that you
    dispute the validity of the debt or any portion thereof, this office will assume this
10       debt is valid.  If you notify this office within 30 days from receiving this notice, the
    office will: obtain verification of the debt or obtain a copy of a judgment and mail
11       a copy of such judgment or verification to you.

12   The first sentence quoted above provides the notice required by 15 U.S.C. § 1692g(a)(3) and the

13   notice required by 15 U.S.C. § 1692g(a)(5) is entirely absent.  Therefore, the second sentence must

14   be intended to provide the notice required by 15 U.S.C. § 1692g(a)(4), however, it fails for two

15   reasons.  First, this sentence fails to inform the consumer that they <u>must</u> dispute the debt in writing

16   to preserve their right to receive verification of the debt.  Second, the sentence fails to notify the

17   consumer that any portion of the debt can be disputed to trigger the right to receive a verification.

18           As to the first violation, the court in *McCabe v. Crawford & Company*,[27] found a violation

19   of § 1692g(a)(4) in a collection letter that read in relevant part:

20       Unless we hear from you within thirty (30) days after the receipt of this letter
    disputing this claim, Federal Law provides that this debt will be assumed to be valid
21       and owing. In the event you contact us and dispute the charges owed, we will
    promptly furnish you with any and all documentation to substantiate the claim.[28]

22

23   _____

24   the FDCPA" leads to liability).

25       [25] *Baker*, 677 F.2d at 780.

26       [26] <u>Notice of Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6)</u> (Doc. 4) at 3, fn. 3.

27       [27] 272 F. Supp. 2d 736 (N.D. Il. 2003).

28       [28] *Id*. at 738.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS    Case No.  C07-03982-JF-PVT

1    The court held that:

2        Section 1692g(a) dictates that the debt collector shall send the consumer a written
         notice stating that upon *written* notification of a dispute, verification *must* be
3        provided by the debt collector. 15 U.S.C. § 1692g(a)(4). [Debt collector] correctly
         asserts that § 1692g(a)(4) does not expressly prevent the debt collector from
4        providing verification of the debt upon *oral* notification of the dispute. However,
         [debt collector] misses the point of the protection found in § 1692g(a)(4). Although
5        a debt collector *may* provide verification upon *oral* notification, the debt collector
         *must* provide verification upon *written* notification. If the debtor gives only *oral*
6        notification of the dispute, the FDCPA imposes no requirement on the debt collector
         to obtain verification of the debt. *See Fasten v. Zager*, 49 F. Supp. 2d 144, 149
7        (E.D.N.Y. 1999) (holding that the debt collector was not required to obtain
         verification upon oral notification of the dispute). Thus, by omitting the words "in
8        writing," [debt collector] did not effectively convey to the consumer his rights under
         the FDCPA and thus violated the Act.[29]

9

10       As to the second violation, the Ninth Circuit in *Baker v. G.C. Servs. Corp.*,[30] found a

11   violation of § 1692g(a)(4) in a collection letter that read in relevant part:

12       Verification of this debt, a copy of judgment or the name and address of the original
         creditor, if different from the current creditor, will be provided if requested in writing
13       within 30 days. Otherwise, the debt will be assumed to be valid.[31]

14   Construing this language the court held that:

15       The clear language of the statute explicitly requires that a debtor shall be given
         notice that he may "dispute the validity of the debt, or any portion thereof . . . ." 15
16       U.S.C. § 1692g(a)(3). "In construing a statute we are obliged to give effect, if
         possible, to every word Congress used." *Reiter v. Sonotone Corp.*, 442 U.S. 330,
17       339, 99 S. Ct. 2326, 2331, 60 L. Ed. 2d 931 (1979). Congress clearly required the
         notice to inform the debtor that he could dispute any portion of the debt.[32]

18

19       PHYCOM also states that it "is unaware of any case authority holding that a debt collector

20   is forbidden from extending to a debtor ***more*** rights than the debtor is afforded under the FDCPA."[33]

21   However, PHYCOM and it's counsel have made this very same argument before and were unable

22

23   _____

24       [29] *Id*. at 738 (emphasis in original).

25       [30] 677 F.2d 775 (9th Cir. 1982).

26       [31] *Id*. at 778.

27       [32] *Id*.

28       [33] Notice of Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6) (Doc. 4) at 3, fn. 3.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS            Case No. C07-03982-JF-PVT

1    to convince Judge Ware they were correct.[34]

2          **E.**    **The Complaint Sufficiently Alleges that PHYCOM Falsely Represented or**
3               **Implied a Threat of a Lawsuit, in Violation of 15 U.S.C. §§ 1692e(5) and (10).**

4          PHYCOM next argues that "the notice does not 'falsely' represent or imply that a lawsuit

5    'could or would be filed against Plaintiff to collect the debt owed to Radiological Associates."[35] "On

6    the contrary, it is plain from the letter – as borne out in fact – that nothing 'imminent' would

7    happen."[36]  A reading of the letter belies this argument.  While it is true that "nothing imminent" or

8    otherwise did in fact happen, this only shows that the threat was false and is of no support for the

9    argument that no threat was implied in the mind of the "least sophisticated consumer."

10         PHYCOM also places great emphasis on *who* would be making the decision to "consider

11   using a collection agency or civil action to pursue the debt."  PHYCOM advanced, and Judge Ware

12   rejected, this same argument in *Kreek v. Phycom Corporation*.[37]  While PHYCOM has since

13   changed its debt collection letter from "Physican will consider" to "Doctor will consider", Judge

14   Ware's analysis still applies.  PHYCOM's debt collection letter continues to state, now as it did in

15   *Kreek v. Phycom Corporation*, "we must make a decision regarding the future of this account very

16   soon."[38]  Moreover, PHYCOM's emphasis on ***who*** "will consider using a collection agency or civil

17   action to pursue the debt" is irrelevant ***if*** neither PHYCOM or Radiological Associates would have

18   actually "considered" a civil action to pursue a $35 medical debt.  In any event, whether

19   Radiological Associates would have considered a legal action to pursue a $35 debt is a fact question

20

21       [34] *Kreek v. Phycom Corporation*, 2007 U.S. Dist. LEXIS 30652 at *7-8 (N.D. Cal. April 26,
22   2007) (J. Ware), *see also, Chan v. North American Collectors, Inc.*, 2006 U.S. Dist. LEXIS 13353
23   at *13-20 (N.D. Cal. March 24, 2006) (J. Larson).

24       [35] <u>Notice of Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6)</u> (Doc. 4) at 4:23-24.

25       [36] <u>Notice of Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6)</u> (Doc. 4) at 4:3-4.

26       [37] 2007 U.S. Dist. LEXIS 30652 at *10-11.

27       [38] *Cf.* Exhibit "1" attached to the Complaint in this case with Exhibit "1" attached to the <u>First</u>
28   <u>Amended Class Action Complaint</u> (Doc. 8) in *Kreek v. Phycom Corporation*, CAND Case No. C06-
     03887-JW and quoted at 2007 U.S. Dist. LEXIS 30652 at *3.

1    for the jury and not appropriately an issue on a Motion to Dismiss for failure to state a claim.

2       **F.    Because the California RFDCPA Incorporates Most of the Provisions of the Federal FDCPA by Reference, a Determination That PHYCOM Violated the FDCPA Supports an Additional Award of Statutory Damages Under the RFDCPA.**

3

4

5    PHYCOM correctly notes that "each of the alleged violations of the Rosenthal Act is

6    identical to the alleged violations of the FDCPA."[39] PHYCOM then argues that the Complaint does

7    not properly allege any violations of the FDCPA, therefore, it cannot allege any violations of the

8    RFDCPA.  However, as shown above, the Complaint does properly allege several violations of the

9    FDCPA, therefore, it does properly allege violations of the RFDCPA which has incorporated the

10   FDCPA by reference.[40] The Complaint also alleges violation of Cal. Civil Code § 1788.13(j) which

11   do not depend on the federal Act.

12                                    **<u>CONCLUSION</u>**

13   The Complaint filed in this case properly alleges provable violations of the FDCPA and

14   RFDCPA, any one of which exposes Defendant to liability.

15   Wherefore, Plaintiff respectfully requests that this Court deny Defendant's Motion to

16   Dismiss in its entirety and find that Plaintiff's Complaint states claims upon which relief can be

17   granted by this Honorable Court.

18

19                                         CONSUMER LAW CENTER, INC.

20

21   Dated: October 23, 2007                    By: /s/ Fred W. Schwinn
22                                                  Fred W. Schwinn, Esq.
                                                    Attorney for Plaintiff
23                                                  PATRICIA CLAIRE BANKSTON

24

25

26   _____

27   [39]  <u>Notice of Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6)</u> (Doc. 4) at 5:8-9.

28   [40]  Cal. Civ. Code § 1788.17.

                                          -9-