JEFFER, MANGELS, BUTLER & MARMARO LLP
MICHAEL J. HASSEN (Bar No. 124823), mjh@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584

Attorneys for Defendant PHYCOM CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA CLAIRE BANKSTON,<br><br>    Plaintiff,<br><br>v.<br><br>PHYCOM CORP., a California corporation,<br><br>    Defendant. | CASE NO.    C07-03982 JF PVT<br><br>**DEFENDANT PHYCOM CORP.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:          November 16, 2007<br>Time:          9:00 a.m.<br>Courtroom: 3<br>Judge:         Hon. Jeremy Fogel |

## I. INTRODUCTION

The entire thrust of plaintiff's opposition is that because a different attorney asserted different arguments before a different judge based on a different dunning letter, that PhyCom's current motion to dismiss must fail. The arguments asserted in the pending motion to dismiss were not raised by current counsel (who substituted in as counsel of record *after* the motion to dismiss had been filed and argued, if any argument took place), and involved a different notice to the consumer. Specifically, the notice in *Kreek* stated that the "the **Physician** will consider using a collection agency or civil action to pursue the debt," which Judge Ware found might be understood as referring to defendant because PhyCom's company name is "Physician Communication Corporation," *see* Kreek Order., at 6:3-4 and 6:8-11. Here, however, the letter expressly referenced that the **Doctor** would consider pursuing the debt, and the "doctor" is Radiological Associates.

PhyCom submits that plaintiff places such great emphasis on the other action in order to avoid addressing on the merits the issues presented to this Court. If the Court considers the motion to dismiss based on the facts and arguments before it, then the motion to dismiss should be granted.

## II. STATEMENT OF FACTS

Plaintiff does not dispute that she sought and received medical treatment from Radiological Associates ("RAMG"), that she incurred a debt to RAMG for that medical treatment, and that she did not pay that debt. The notice the defendant sent plaintiff expressly stated that if she did not pay the debt or contact PhyCom to discuss the debt, then "***the Doctor*** will consider using a collection agency or civil action to pursue the debt" (italics added), and plaintiff does not dispute that the "Doctor" was Radiological Associates, **not PhyCom**. Finally, plaintiff does not deny that she waited almost an entire year to initiate this lawsuit, literally making a federal case out of a small claims court matter. Federal courts are not substitutes for small claims courts, and PhyCom's letter did not violate the FDCPA. Defendant respectfully requests that the motion to dismiss be granted.

## III. LEGAL ARGUMENT

### A. Arguments Waived by Plaintiff

Preliminarily, defendant notes that the following arguments must be deemed waived by plaintiff for failure to present argument or authority. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir.1994) (failure to explain contentions and support them with authority constitutes waiver).

First, that the letter violated the FDCPA by threatening "imminent" action. Plaintiff alleges that this violation occurred, *see* Opp., at 2:7-8, but her opposition brief merely states, in conclusory fashion, "A reading of the letter belies this argument," Opp., at 8:7.

Second, that the letter conveyed a "false sense of urgency"; other than using the word "urgency" in her preliminary summary, *see* Opp., at 2:10, the word never again appears in her brief and no argument is made that the letter conveyed a sense of urgency.

Third, the complaint alleges PhyCom failed to advise her of her right the to obtain verification of the debt. *See* Complaint, ¶ 27.c. As noted in defendant's moving papers, the notice sent to plaintiff clearly states: "If you notify this office within 30 days from receiving this notice, the office will: obtain verification of the debt or obtain a copy of a judgment and mail a copy of

such judgment or verification to you." Exh. 1 to Complaint. Defendant argued that "Federal law requires nothing more," and plaintiff does not contest this argument.

By failing to present argument and authority in support of these claims, they are waived.

### B. Frivolous Arguments by Plaintiff

Next, defendant notes that the following arguments by plaintiff are patently absurd and must be rejected.

First, plaintiff asserts that "the notice required by 15 U.S.C. § 1692g(a)(5) is entirely absent," Opp., at 6:12-13. That subsection requires a debt collector advise the consumer of their right to "the name and address of the original creditor, if different from the debt collector," by requesting it in writing. As noted in PhyCom's opening brief, the letter sent to plaintiff **contained** that information, so it did not need to advise plaintiff of her right to **request** it.

Second, plaintiff argues PhyCom failed to advise her that she could dispute the validity of "any portion" of her debt. *See* Opp., at 6:3 and 6:16-17. In preparing his opposition brief, plaintiff's counsel must have mistakenly reviewed a debt collection letter sent by some other company: PhyCom's letter to plaintiff clearly states, "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt **or any portion thereof**, this office will assume this debt is valid." *See* Exh. 1 to Complaint (italics added).

### C. The Notice Properly Advised Plaintiff Of Her Right To Verify The Debt

Based on a single case out of Illinois, *McCabe v. Crawford & Co.*, 272 F.Supp.2d 736 (N.D. Ill. 2003), plaintiff argues that PhyCom violated the FDCPA by permitting plaintiff to request validation of the debt orally as well as in writing. *McCabe* focused on the fact that accepting oral requests for validation of the debt did not **obligate** the debt collector to seek verification. *See McCabe*, at 738. We do not know the allegations of McCabe's complaint or what evidence was introduced in that case, nor do we know the specifics of the evidence – including the expert testimony and report – that was introduced to the *McCabe* Court on summary judgment. *See id.*, at 739-40. The evidence may well have established that the debt collector in that case did not honor oral requests for validation of the debt. In fact, the district court suggested that such evidence exists by observing that the consumers in the *McCabe* action may have been misled into believing that a

verbal request would have been sufficient to obtain verification of the debt, *id.*, at 743. Here, by contrast, plaintiff does not allege that PhyCom would not have honored an oral request, or that PhyCom has ever failed to honor an oral request for verification of a debt, and *McCabe* expressly agreed that the FDCPA "does not expressly prevent the debt collector from providing verification of the debt upon *oral* notification of the dispute." *McCabe*, at 743 (italics in original).

To the extent *McCabe* can be read to lay down a black and white rule that failure to include the words "in writing" constitutes a *per se* violation of the FDCPA, we respectfully disagree with the Illinois court. As that Court noted, "Congress enacted the FDCPA in 1977 'to eliminate abusive debt collection practices by debt collectors' and to insure that debt collectors who refrain from abusive practices are not competitively disadvantaged." *McCabe*, at 741. That purpose is not served by reading the statute so literally as to create absurdities. One such absurdity would be requiring that the debt collector give notice to a consumer of her right to request in writing the name and address of the original creditor when that information is already contained in the letter sent to the consumer. Another such absurdity would be to require that a debt collector only agree to verify debts if requested to do so in writing.

Moreover, at least one federal court in Illinois has rejected *McCabe* as "not binding on this Court." *See Kim v. Riscuity, Inc.*, 2006 WL 2192121, *3 (N.D. Ill. July 31, 2006). *McCabe* represents even less persuasive authority in California. This is particularly true because a different standard applies in the Seventh Circuit – which considers alleged FDCPA violations through the eyes of an "*un*sophisticated consumer," *see Evory v. RJM Acquisitions Funding L.L.C.*, ___ F.3d ___, 2007 WL 3071678, *3 (7th Cir. October 23, 2007); *Jang v. A.M. Miller & Asscociates*, 122 F.3d 480, 483-84 (7th Cir. 1997), and the Ninth Circuit – which considers such violations from the perspective of the "*least* sophisticated debtor," *see Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007) (italics added).

Regardless of plaintiff's arguments, and her ability to find a single case from Illinois that suggests otherwise, the fact remains that it is absurd to hold that a notice from a debt collector to a consumer cannot provide greater rights than those mandated by federal law. Under the terms of the letter sent to plaintiff, PhyCom was willing to accept a verbal request, as well as written, as

sufficient to cause defendant to obtain verification of the debt – the complaint does not allege otherwise.

In any event, plaintiff provides no response to defendant's observation that at the very least, the motion to dismiss would have to be granted because no conceivable prejudice could have resulted from such a hyper-technical violation of the FDCPA, and because PhyCom's willingness to accept a verbal request for verification was not "done intentionally with the purpose of coercing Plaintiff to pay," as alleged in plaintiff's complaint.

### D. The Notice Did Violate The Rosenthal Act

Plaintiff admits that if the FDCPA was not violated then the California Rosenthal Act claims must also fail. *See* Opp., at 9.

### IV. CONCLUSION

For the reasons set forth above and in the moving papers, defendant respectfully submits that the motion to dismiss should be granted.

DATED: October 31, 2007

JEFFER, MANGELS, BUTLER & MARMARO LLP
MICHAEL J. HASSEN


By: /s/Michael J. Hassen
       MICHAEL J. HASSEN
Attorneys for Defendant PHYCOM CORP.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On October 31, 2007 I served the document(s) described as **DEFENDANT PHYCOM CORP.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Fred W. Schwinn, Esq.
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, CA 95113-2403

☒ (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (BY ELECTRONIC SERVICE) via U.S. District Court, Northern Division, Case Management/Electronic Case Files, Filing System. I served a copy of the above-listed document(s) to the e-mail addresses of the addressee(s) by use as identified and maintained therein.

Executed on October 31, 2007 at San Francisco, California.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Angela Pereira