**E-Filed 11/19/07**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PATRICIA CLAIRE BANKSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>PHYCOM CORP., a California corporation,<br><br>    Defendant. | Case Number C 07-03982 JF (PVT)<br><br>ORDER[1] DENYING MOTION TO DISMISS |

  Patricia Claire Bankston ("Bankston") brings this action against Defendant Phycom Corporation ("Phycom") for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., and California's Fair Debt Collection Practices Act (the "Rosenthal Act"), California Civil Code §§ 1788 *et seq*. Phycom moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court heard oral argument on November 16, 2007. For the reasons stated below, the motion will be denied..

**I. BACKGROUND**

---

  [1]  This disposition is not designated for publication and may not be cited.

1    The complaint alleges the following: Bankston, a resident of Santa Clara County,
2  California,  is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), and a "debtor" within
3  the meaning of Cal. Civ. Code § 1788.2(h).  Complaint at ¶ 6.  Phycom is a California
4  corporation engaged in the business of collecting debts in California, with its principal place of
5  business in Modesto, California.  *Id.* at ¶ 7.  According to the complaint, Phycom is a "debt
6  collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).  *Id*.

7    Bankston incurred a financial obligation to Radiological Associates.  *Id.* at ¶ 8.  Bankston
8  argues that this financial obligation was incurred primarily for personal, family, or household
9  purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as
10 defined by Cal. Civ. Code § 1788.2(f).  *Id.*  The debt was consigned by Radiological Associates
11 to Phycom for collection.  *Id.* at ¶ 9.  Subsequently, Phycom sent a collection letter ("notice"),
12 dated August 10, 2006, to Bankston.  *Id.* at ¶ 10-12.  Bankston contends that the letter is a
13 "communication" as defined by  U.S.C. § 1692a(2).  *Id.* at ¶ 10.   The letter was Phycom's initial
14 communication with Bankston in connection with the collection of the debt owed to Radiological
15 Associates.  *Id.* at ¶ 13.  The letter contains the following language:

> "URGENT COMMUNICATION"
> "NOTICE OF ASSIGNMENT
> This has been sent to you by an agency responsible for assisting the physician with accounts. This is an attempt to collect a debt. Your account has been assigned to this office for immediate collection. The balance is at least 60 days old, and we must make a decision regarding the future of this account very soon.
> PAYMENT IN FULL IS EXPECTED IMMEDIATELY. Partial payment does not constitute an agreement with this office, nor the Doctor [sic] to make sure you protect yourself, you should pay the balance in full . . . . If you do not telephone, the Doctor will consider using a collection agency or civil action to pursue the debt."
>     . . . If you notify this office within 30 days from receiving this notice, the office will: obtain verification of the debt . . . and mail a copy to you.

23 *Id.*, Exhibit 1.

## II. LEGAL STANDARD

25   A complaint may be dismissed as a matter of law pursuant to Rule 12(b)(6) for one of two
26 reasons:  (1) Lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal
27 theory. See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds*,
28 *Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).  For purposes of a motion to dismiss, all allegations

of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

"A complaint should not be dismissed unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at 754. The court, however, "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Id. at 754-55. A court's review is limited to the face of the complaint, documents the complaint referenced, and matters of which the court may take judicial notice. *Anderson v. Clow* (*In re Stac Elecs. Sec. Litig.*), 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991).

Motions to dismiss generally are viewed with disfavor under this liberal standard and are granted rarely. See *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Leave to amend must be granted unless it is clear that amendments cannot cure the complaint's deficiencies. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Nevertheless, when amendment would be futile dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996); *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988); *Beezley v. Fremont Indem. Co.*, 804 F.2d 530, 531 (9th Cir. 1986) (per curiam).

### III.  DISCUSSION

Phycom moves to dismiss on the following grounds: (1) the letter complied with the notice provisions of the FCDPA; (2) the notice did not represent or falsely imply a threat of imminent civil action; and (3) since the letter did not violate the FCDPA, it likewise did not violate the Rosenthal Act.

**A. FCDPA notice requirements**

"The [FCDPA] is designed to protect consumers who have been victimized by unscrupulous debt collectors." *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Bankston alleges that Phycom's letter violated the notice provisions of the FDCPA by failing to include statements that: (1) if Bankston were to notify Phycom in writing that the debt is

disputed, Phycom would obtain verification of the debt and mail Bankston a copy; and (2) upon Bankston's written request, Phycom would provide Bankston with the name and address of the original creditor. Complaint ¶ 28. Phycom concedes that the letter does not state that Bankston had to notify Phycom in writing in order to receive either a verification of the debt, or the name and address of the creditor. *Id.* at 3. However, Phycom asserts that the notice complies with the intent of the debt verification requirement by implicitly allowing Bankston to contact Phycom either in writing or orally, and that the letter itself contains the name and address of the creditor. Motion to Dismiss ("MTD") at 3.

The FCDPA requires that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . . a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

15 U.S.C.A. § 1692g. "In interpreting the FDCPA, words and phrases must be given their natural and ordinary meaning. See *Romine v. Diversified Collection Services, Inc.*, 155 F.3d 1142, 1146-47 (9th Cir.1998) ( citing *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995)). Further, the FDCPA is a strict liability statute and thus does not require a showing of intentional conduct on the part of the debt collector. See *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir.1982); *Irwin v. Mascott*, 112 F.Supp.2d 937, 958 (N.D.Cal.2000). Validation requirements are strictly construed under the least sophisticated consumer standard. Id." *Kreek v. Phycom Corp.*, 2007 WL 1229315 at 3 (N.D.Cal.).

In support of its argument that the letter complies with FCDPA guidelines, Phycom directs the Court to the following language: "If you notify this office within 30 days from receiving this notice, the office will: obtain verification of the debt . . . and mail a copy to you." Complaint, Exhibit 1. Phycom concedes that this language does not comply with the literal terms of § 1692g. However, it argues that the language actually provides greater rights for Bankston because it indicates that Bankston may receive a copy of the debt verification in response to an

4

oral request. Reply at 3-4. Phycom asserts that, in this sense, the letter comports with the intent of the FCDPA, which is to eliminate abusive debt collection practices. *Id.* at 4.

Bankston argues in opposition that the "in writing" requirement is significant because written notification imposes a statutory duty to respond while oral notification does not. Opposition at 6.[2] "The FDCPA is a strict liability statute and thus does not require a showing of intentional conduct on the part of the debt collector." *Irwin v. Mascott*, 112 F. Supp.2d 937, 958 (N.D.Cal.,2000). The Court concludes that Bankston has alleged sufficient facts to establish a claim that the letter violated § 1692g; the Court need not reach the question as to whether Phycom satisfied the statutory requirements with respect to the name and address of the creditor.

**B. Imminent civil action**

Bankston also alleges that the letter violates 15 U.S.C. § 1692e by (1) falsely threatening the imminent filing of a lawsuit, and (2) attempting to collect a debt by instilling a false sense of urgency. Complaint at ¶ 27. Title 15 U.S.C. § 1692(e) prohibits "false, deceptive, or misleading representation or means in connection with the collection of any debt." Subsections 1692e(5) and 1692e(10) define specific conduct that violates this provision. Section 1692e(5) prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken." Section 1692(e)(10) prohibits the "use of any false representation or deceptive means to collect ... any debt or to obtain information concerning a consumer."

*Kreek v. Phycom Corp.*, No. 34, 2007 WL 1229315 (N.D.Cal. April 25, 2007), a case involving a similar letter sent by Phycom to a different debtor, is instructive. The Court explained:

> The Ninth Circuit applies the 'least sophisticated debtor' standard to alleged violations of Section 1692(e). *Swanson v. Southern Or. Credit Serv.*, 869 F.2d 1222, 1227 (9th Cir.1988). Thus, the court evaluates the threatened conduct in the eyes of a hypothetical 'least sophisticated debtor.' *See Id.* at 1227. Although the standard is objective, it is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.' *Id.* Based on this standard, the Ninth Circuit has held that a defendant's use of language suggesting legal action can violate the FDCPA. See *Juras v. Aman Collection Serv.*, 829 F.2d 739, 744 (9th Cir.1987); *Baker*, 677 F.2d at 779 (9th Cir.1982).

---

[2] *See McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 738 (N.D. Ill. 2003).

5

1   *Kreek*, 2007 WL 1229315 at *3.

2   As set forth above, the letter at issue in the instant case contains the following relevant language: "URGENT COMMUNICATION," "we must make a decision regarding the future of this account very soon," and "If you do not telephone, the Doctor will consider using a collection agency or civil action to pursue the debt." Complaint, Exhibit 1. Phycom argues that nothing in this language suggests imminent legal action, and that the letter "simply and truthfully advises the consumer of options available to [Phycom] if payment is not received." MTD at 4. However, as the district court explained in *Kreek*, "an explicit statement or threat of legal action is unnecessary to establish a violation of § 1692(e)." *Id.*, 2007 WL 1229315 at 4. Because this language references legal action and expresses urgency, it is reasonable to conclude that the least sophisticated debtor would believe that legal action was imminent.

Phycom's attempt to distinguish *Kreek* is unpersuasive. In *Kreek*, as here, Phycom argued that the letter did not say that Phycom would consider taking civil action against the debtor, but instead stated that the creditor "*physician*" would be the one to act. *Kreek*, 2007 WL 1229315 at *4. The district court in *Kreek* noted that the Phycom's full corporate name as stated in the letter is "Comprehensive Physician Services," a name which, in the mind of the least sophisticated debtor could have been confused with the "physician," thereby communicating to that debtor the misleading possibility that Phycom might initiate a lawsuit. *Id.* Phycom argues that the use of the word "doctor" instead of "physician" in the letter at issue in this case makes the case different from *Kreek*.

The Court disagrees. The least sophisticated debtor still is likely to be confused by the letter. The letter states that Phycom is "assisting the physician with accounts" and that "we must make a decision regarding the future of your account soon." The least sophisticated debtor reasonably could infer from this language that any decisions regarding the debt would be made jointly by Phycom and the "doctor." Additionally, while the letter does state explicitly that the "doctor will consider using a . . . civil action," it does not identify a particular doctor. Bankston incurred a debt with Radiological Associates, but neither that name, nor the relevant doctor's name, appears anywhere in the letter. Instead, the letter grouping "RAMG," presumably an

6

acronym for Radiological Associates, appears three times in the letter in a manner that in no way suggests that RAMG is the decision-maker. Accordingly, the Court finds that Banskton has alleged sufficient facts to state a claim under § 1692(e).

**C. Rosenthal Act**

The parties agree that the Rosenthal Act incorporates the FCDPA notice provisions and, to the extent that Bankston has stated a claim pursuant to the FCDPA, she has also stated a claim pursuant to the Rosenthal Act. *See* Cal. Civ. Code § 1788.700(a) (incorporating the notice requirements of the FCDPA.)

## IV. ORDER

Good cause appearing, IT IS HEREBY ORDERED that the motion to dismiss is DENIED. Phycom shall answer the complaint within twenty (20) days of the date of this order.

IT IS SO ORDERED.

DATED: 11/19/07

_____
JEREMY FOGEL
United States District Judge

7

Case No. C 07-3982 JF (PVT)
ORDER DENYING MOTION TO DISMISS
JFEX2

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | Copies of Order served on the following persons: |
| 4 | |
| 5 | Fred W. Schwinn        fred.schwinn@sjconsumerlaw.com |
| 6 | Michael John Hassen    mjh@jmbm.com |

8

Case No. C 07-3982 JF (PVT)
ORDER DENYING MOTION TO DISMISS
JFEX2