Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
PATRICIA CLAIRE BANKSTON

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| PATRICIA CLAIRE BANKSTON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>PHYCOM CORP., a California corporation,<br><br>　　　　　　　Defendant. | Case No. C07-03982-JF-PVT<br><br>**NOTICE OF MOTION AND MOTION WITH MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFAULT JUDGMENT**<br><br>Date:　　　　February 22, 2008<br>Time:　　　　9:00 a.m.<br>Judge:　　　Honorable Jeremy Fogel<br>Courtroom:　3, 5th Floor<br>Place:　　　280 South First Street<br>　　　　　　San Jose, California |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on February 22, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the above-titled Court, located at the Federal Courthouse, 280 South First Street, San Jose, California, Plaintiff will move the Court for a default judgment as set forth herein.

The motion will be made pursuant to rule 55(b)(2) of the Federal Rules of Civil Procedure and the applicable civil local rules, on the ground that Defendant failed to plead or otherwise defend this action within the time prescribed by the Federal Rules of Civil Procedure. The motion is based on this Notice of Motion and Motion with Memorandum of Points and Authorities, the Declaration of Patricia Claire Bankston, the Declaration of Fred W. Schwinn, and such evidence as may be presented at the hearing. Please note that Plaintiff and her counsel of record request that the Court

determine this matter based on the paperwork herein (i.e., submitted on the papers) unless the Court requests oral argument or if this motion is opposed.

**MOTION WITH MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFAULT JUDGMENT**

**INTRODUCTION**

This is a Motion for Default Judgment against Defendant, PHYCOM CORP. This action was brought to redress Defendant's false, misleading and deceptive attempts to collect a consumer debt. The Defendant, PHYCOM CORP., violated the Federal Fair Debt Collection Practices Act (FDCPA), and the California Rosenthal Fair Debt Collection Practices Act (RFDCPA), both of which prohibit debt collectors from engaging in unfair and deceptive practices. Plaintiff seeks an award of $3,000.00 in statutory damages and penalties and $6,459.28 in attorney's fees and costs.

**PROCEDURAL HISTORY**

Defendant was served with the Summons and Complaint in this case on August 20, 2007.[1] On September 10, 2007, Defendant filed a <u>Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6)</u>.[2] In its Motion to Dismiss, Defendant argued that the Complaint failed to state a cause of action, *inter alia*, because Defendant provided Plaintiff greater validation rights that the FDCPA required.[3] The Court disagreed, and entered an Order Denying Motion to Dismiss on November 19, 2007.[4] Thereafter, Defendant failed to file an Answer and the Clerk of the Court entered Defendant's default on December 12, 2007.[5]

Upon default, the well-pleaded allegations of the complaint relating to liability are taken as

---

[1] Doc. 3.

[2] Doc. 4.

[3] <u>Notice of Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6)</u> (Doc. 4) at 3, fn. 3.

[4] Doc. 19.

[5] Doc. 21.

1  true.[6] After a default is entered, the Court's attention is focused on issues relating to the quantity
2  of damages, as opposed to issues of liability.[7] Here, however, the issues may be inextricable.
3  Plaintiff seeks statutory damages under the Federal Fair Debt Collection Practices Act (FDCPA) and
4  the California Rosenthal Fair Debt Collection Practices Act (RFDCPA). In determining the amount
5  of damages to award under the FDCPA the Court is to consider the nature of the noncompliance,
6  as well as the frequency and persistence of the noncompliance.[8] For this reason, the facts relating
7  to Defendant's noncompliance with the law are discussed in some detail below.

## STATEMENT OF FACTS

9  Plaintiff, PATRICIA CLAIRE BANKSTON, is a "consumer" as defined by 15 U.S.C. §
10 1692(a)(3) and a "debtor" as defined by California Civil Code § 1788.2 and resides in Santa Clara
11 County.[9] Defendant, PHYCOM CORP., is a "debt collector" as defined by 15 U.S.C. § 1692a(6)
12 and Civil Code § 1788.2.[10]

13 On a date or dates unknown to the Plaintiff, Plaintiff incurred a financial obligation, namely
14 a medical account issued by Radiological Associates (hereinafter "the debt").[11] The debt was
15 incurred primarily for personal, family or household purposes and is therefore a "debt" as that term
16 is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code
17 § 1788.2(f).[12] Sometime thereafter on a date unknown to the Plaintiff, the debt was consigned,
18 placed or otherwise transferred to Defendant for collection from the Plaintiff.[13]

---

[6] *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

[7] *Black v. Lane*, 22 F.3d 1395 (7th Cir 1994).

[8] 15 U.S.C. § 1692k(b)(1).

[9] Complaint (Doc. 1) ¶ 6.

[10] Complaint (Doc. 1) ¶ 7.

[11] Complaint (Doc. 1) ¶ 8; Declaration of Patricia Claire Bankston in Support of Motion for Default Judgment (hereinafter "Bankston Declaration") ¶3.

[12] Complaint (Doc. 1) ¶ 8; Bankston Declaration ¶ 3.

[13] Complaint (Doc. 1) ¶ 9.

On or about August 10, 2006, Defendant mailed Plaintiff a collection letter in an attempt to collect the debt.[14] A true and correct copy of the August 10, 2006, collection letter is attached to the Complaint and identified as Exhibit "1."[15] The collection letter (Exhibit "1") was Defendant's first written notice initially addressed to Plaintiff in connection with collecting the debt owed Radiological Associates.[16]

The collection letter (Exhibit "1") states:

> . . . to make sure that you protect yourself, you should pay the balance in full, or contact our office to discuss your plans for payment. If you do not telephone, the Doctor will consider using a collection agency or civil action to pursue the debt.[17]

Neither Defendant nor Radiological Associates intended to file a lawsuit against Plaintiff as threatened by the collection letter (Exhibit "1").[18] Therefore, Defendant violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(10) by: falsely representing or implying that a lawsuit could or would be filed against Plaintiff to collect the debt owed to Radiological Associates, when neither Defendant nor Radiological Associates intended to actually file such a lawsuit, designing its collection letter to instill a false sense of urgency in the reader and falsely representing threats of imminent lawsuit with the intent to annoy, harass, and abuse Plaintiff.

The collection letter (Exhibit "1" ) further states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notice this office within 30 days from receiving this notice, the office will: obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification to you.[19]

Defendant violated the FDCPA, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4), and 1692g(a)(5) by: misrepresenting Plaintiff's right to obtain a copy of the debt verification or judgment against her,

---

[14] Complaint (Doc. 1) ¶¶ 10, 11, and 12; Bankston Declaration ¶¶ 4 and 6.

[15] Complaint (Doc. 1) ¶¶ 11 and 12; Bankston Declaration ¶¶ 5 and 6.

[16] Complaint (Doc. 1) ¶ 13; Bankston Declaration ¶ 7.

[17] Complaint (Doc. 1) ¶ 14; Bankston Declaration ¶ 8.

[18] Complaint (Doc. 1) ¶ 16; Bankston Declaration ¶ 9.

[19] Complaint (Doc. 1) ¶ 19; Bankston Declaration ¶ 10.

1 failing to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendant
2 *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant
3 would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff
4 and failing to send Plaintiff a written notice containing a statement that upon Plaintiff's written
5 request, Defendant would provide Plaintiff with the name and address of the original creditor, if
6 different from the current creditor.

7 Additionally, Defendant violated the RFDCPA in that the collection letter (Exhibit "1") does
8 not include the notice required by Cal. Civil Code § 1812.700(a).[20]  Finally, Cal. Civil Code §
9 1788.17, incorporates 11 U.S.C. § 1692b through § 1692j (a violation under 1692b-1692j is thus a
10 violation of Civil Code § 1788.17).  A violation of Civil Code § 1788.17 subjects debt collectors to
11 the remedies under 15 U.S.C. § 1692k.[21]

## PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES

### A.    PLAINTIFF IS ENTITLED TO $1,000 IN STATUTORY DAMAGES PURSUANT TO 15 U.S.C. § 1692K.

15 The FDCPA states that any debt collector who fails to comply with any provision is liable
16 to such person in an amount equal to his/her actual damages, and in the case of any action by an
17 individual, such additional damages as the court may allow, but not exceeding $1,000.[22]  The act
18 also provides that:

> In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors...the frequency and persistence of noncompliance by the debt collector, and the extent to which such noncompliance was intentional.[23]

22 Here Defendant violated numerous sections of the FDCPA (as stated herein).  Thus, the
23 Court should award Plaintiff the full $1,000 statutory award under the FDCPA.

---

[20] Complaint (Doc. 1) ¶ 20; <u>Bankston Declaration</u>, Exhibit "1."

[21] *Abels v. JBC*, 227 F.R.D. 541, 548 (N.D. Cal. 2005).

[22] 15 U.S.C. § 1692k(a)(2)(A).

[23] 15 U.S.C. § 1692k(b)(1).

**1.    Defendant Violated  15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(10) by Falsely Representing that a Lawsuit Could or Would be filed Against Plaintiff.**

Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(10) by falsely representing that a lawsuit could or would be filed against Plaintiff to collect the $35 debt owed to Radiological Associates.

15 U.S.C. § 1692d states "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

15 U.S.C. § 1692e states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

In this case, Defendant sent Plaintiff a letter which stated:

> . . . to make sure that you protect yourself, you should pay the balance in full, or contact our office to discuss your plans for payment.  If you do not telephone, the Doctor will consider using a collection agency or civil action to pursue the debt.[24]

However, despite the language in this letter, neither Defendant nor Radiological Associates had any intention of filing suit against Plaintiff to collect a $35 medical debt.  Therefore, Defendant made a false representation in violation of 15 U.S.C. §§ 1692e and 1692e(10).  Defendant also violated 15 U.S.C. § 1692e(5) by threatening to take an action that was not intended to be taken.  Finally, Defendant violated 15 U.S.C. § 1692d by engaging in collection conduct, the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

**2.    Defendant Violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4), and 1692g(a)(5) by Falsely Representing Plaintiff's Rights.**

Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4), and 1692g(a)(5) by falsely

---

[24] Complaint (Doc. 1) ¶ 14; Bankston Declaration ¶ 8.

representing Plaintiff's rights in the August 10, 2006, collection letter (Exhibit "1").

15 U.S.C. § 1692e states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692g states:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
> . . .
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

In this case, Defendant sent Plaintiff a letter which stated:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notice this office within 30 days from receiving this notice, the office will: obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification to you.[25]

Defendant misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10). Defendant also failed to sent Plaintiff a written notice containing a statement that if Plaintiff notifies Defendant *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4). Finally, Defendant failed to send Plaintiff a written notice containing

---

[25] Complaint (Doc. 1) ¶ 19; Bankston Declaration ¶ 10.

a statement that upon Plaintiff's written request, Defendant would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

### 3. This Court Should Award Plaintiff the Maximum Statutory Damage Amount of $1,000 under the FDCPA.

The maximum statutory damage award available under the Federal FDCPA is a modest $1,000. Courts have therefore awarded the maximum amount even when the violations found were less numerous and egregious than those herein. For example, in *Riviera v. M.A.B.*,[26] the court awarded the maximum $1,000 because the validation notice appeared on the back of the letter, in relatively small print, with no reference to it on the front of the letter. Thus, even though the notice was accurate, the court determined a $1,000 award was appropriate. Furthermore, in *Tolentino v. Friedman*,[27] the Seventh Circuit upheld the maximum statutory award of $1,000 despite finding that only one provision of the FDCPA had been proven. In that case, the debt collector had included a disclosure required 15 U.S.C. § 1692e(11) in its initial notice, but had failed to include it in a subsequent notice. Herein there are multiple violations of the federal FDCPA. Thus, the violations herein are more numerous and meaningful than in those cases, and therefore the Court should award the maximum amount of statutory damages under 15 U.S.C. § 1692k(a)(2)(A), which is $1,000.

**B.  PLAINTIFF IS ENTITLED TO $1,000 UNDER CAL. CIVIL CODE § 1788.30(b).**

The Cal. Civil Code § 1788.30 states that any debt collector who fails to comply with any provision is liable to such debtor in an amount equal to his/her actual damages, and in the case of a debt collector who willfully and knowingly violates the RFDCPA, the Court may award a penalty in an amount not less than $100 nor greater than $1,000. Cal. Civil Code § 1788.30(b).

In this case, Defendant has violated Cal. Civil Code § 1812.700 which is remedied by the statutory penalty provisions of Cal. Civil Code § 1788.30(b). Thus, the Court should award Plaintiff the full $1,000 statutory award under Cal. Civil Code § 1788.30(b).

---

[26]  682 F. Supp. 174 (W.D.N.Y. 1988).

[27]  46 F.3d 645 (7th Cir. 1995).

**C.    PLAINTIFF IS ENTITLED TO $1,000 IN STATUTORY DAMAGES PURSUANT TO CAL. CIVIL CODE § 1788.17.**

Cal. Civil Code § 1788.17 provides that:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal.[28]

This Court has held that a violation of the FDCPA is also a violation of Cal. Civil Code § 1788.17.[29] The monetary remedy for a violation of Cal. Civil Code § 1788.17 is the same amount as the remedy provided under 15 U.S.C. § 1692k—$1,000.[30] Therefore, the Court should award Plaintiff an additional $1,000 in statutory damages pursuant to Cal. Civil Code § 1788.17.[31]

**D.    BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE EXPRESSED THEIR INTENT THAT THE REMEDIES TO VIOLATIONS OF THE FDCPA BE CUMULATIVE**

Cal. Civil Code § 1788.32 states that:

> The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

---

[28] Cal. Civil Code § 1788.17.

[29] *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004), and *Daniel Edstrom v. All Services and Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. February 22, 2005).

[30] *Abels v. JBC*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) ("A strict reading of Civil Code 1788.17 clearly paves way for CA FDCPA violators to be subjected to the same remedies articulated in 15 U.S.C. 1692k.")

[31] It is also important to note that, in the paragraph quoted above, the California Legislature specifically carved out requirements under § 1692e(11) and § 1692g, which are certain notice requirements traditional *debt collectors* (collecting debts on behalf of another) must comply with, but retained an exemption to such notice requirements for *original creditors* (collecting debts on their own behalf). But, at the same time the legislature left in the entire remedial scheme of 15 U.S.C. § 1692k, including the $1,000 statutory damage remedy. Had the California Legislature wanted to carve out the $1,000 statutory remedy from Cal. Civil Code § 1788.17 they certainly knew how to do so, but they chose not to. Thus, they intended to provide consumers a remedy separate and in addition to the remedy afforded under Cal. Civil Code § 1788.30 and 15 U.S.C. § 1692k.

- 9 -

Thus, a violation of the federal statute can lead to damages under the federal FDCPA and a violation of the California statute leads to damages under the RFDCPA.[32] Indeed, the FDCPA expressly states:

> [t]his subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the law of any State with respect to debt collection practices, except to the extent that those laws are in consistent with any provision of this subchapter, and then only to the extent of the inconsistency.[33]

Moreover, courts, both within and outside the Ninth Circuit, have allowed statutory damages under both federal and state consumer protection statutes.[34] Thus, this Court should not be reluctant to assess the maximum possible statutory damages under both federal and state law. As this Court has noted, Cal. Civil Code § 1788 was amended to expand the remedies of the RFDCPA, including an expansion of the statutory damages available under the state law.[35]

Additionally, this Court has concluded, rather than drafting new language to the RFDCPA, the legislature simply incorporated entire sections by reference.[36] Indeed, this Court has stated "California simply incorporated by reference the text of certain federal provisions into the CFDCPA, rather than copying them verbatim into the California code. Any resulting liability, however, remains a state claim."[37] In a separate case, this Court then went on to hold a violation of 15 U.S.C.

---

[32] Indeed, 15 U.S.C. § 1692n states that the federal law does not exempt or affect any person from complying with the law of any State with respect to debt collection practices, unless those laws are inconsistent with the federal FDCPA, and then only to the extent of the inconsistency.

[33] 15 U.S.C. § 1692n.

[34] *Sakuma v. First National Credit Bureau*, 1989 U.S. DIST. LEXIS 19120 (D. HI. November 15, 1989), *Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. OH. 2004), and *Chapman v. ACB Business Services*, Inc., 1997 U.S. Dist. LEXIS 23743 (S.D. W.V. February 13, 1997).

[35] *Abels v. JBC*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) (The mandatory language in the amendment—" . . . shall be subject to the remedies in Section 1692k" leaves little doubt as to the intent of the legislature to broaden the remedies for RFDCPA.)

[36] *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004).

[37] *Id.*

§ 1692g was also a violation of Cal. Civil Code § 1788.17.[38] Thus, by incorporating 15 U.S.C. § 1692k by reference (and its statutory damages of $1,000), the California legislature chose to make the additional $1,000 available, as a matter of state law, when it enacted Cal. Civil Code § 1788.17.

### E.  PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES

Both the federal FDCPA and California RFDCPA direct a court to award attorney's fees to a prevailing consumer.[39] A number of cases decided under 15 U.S.C. § 1692k have held that an award of attorney fees and costs is required if the plaintiff prevails.[40]

#### 1.  Computation of Reasonable Attorney's Fees

The accepted method of calculating attorney's fees for FDCPA cases is the lodestar method.[41] Under the lodestar method, the trial court determines the number of hours reasonably spent by counsel on the case and the reasonable hourly compensation for each attorney.[42] Multiplying the hours reasonably worked by the reasonable hourly rate produces a figure known as the lodestar.

#### 2.  The Number of Hours Claimed by Plaintiff's Attorney is Reasonable

The initial step in computing the lodestar amount is calculating the reasonable hours that counsel worked on the case. Where a Plaintiff has prevailed, her attorneys should recover a fully

---

[38] *Edstrom v. A.S.A.P. Collection Services*, 2005 U.S. Dist. LEXIS 2773, *15 (N.D. Cal. February 22, 2005).

[39] 15 U.S.C. § 1692k(a)(3) & Cal. Civil Code § 1788.30(c).

[40] *See, e.g. Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) (holding it was an abuse of discretion not to award attorney's fees following a stipulated judgment in the amount of $100; and directing the court to award fees sufficient to compensate the attorney for the time spent on the case in order to encourage enforcement of the FDCPA); *Pipiles v. Credit Bureau, Inc.*, 886 F.2d 22 (2d Cir. 1989) (directing trial court to award fees on remand despite the lack of actual or statutory damages because Plaintiff had demonstrated that Defendant violated the FDCPA); *Perez v. Perkiss*, 742 F.Supp. 883 (D.Del. 1990) (awarding Plaintiffs' legal services attorneys $10,110 after a half-day jury trial in which Plaintiff was awarded $1,200 in damages).

[41] *Cancio v. Financial Credit Network, Inc.*, 2005 U.S. Dist. LEXIS 13626, *2 (N.D. CA July 6, 2005) *citing*, *Jordan v. Multnomah County*, 815 F.2d 1258, 1264 (9th Cir. 1987); *Rosenfeld v. S. Pac. Co.*, 519 F.2d 527, 530 (9th Cir. 1975).

[42] *Serrano v. Priest*, 20 Cal. 3d 25, 48-49 (1997) (Serrano III).

1  compensatory fee. A full compensatory fee will encompass all hours reasonably spent on the
2  matter.[43] The reasonable hours will generally include all time spent on pre-trial matters, settlement
3  negotiation, discovery, litigation tactics and the trial itself.[44]
4      In this case, the Plaintiff seeks compensation for a total of 20.1 hours which her advocate
5  devoted to this case to date.

### 3. The Hourly Rates Claimed By Plaintiff's Attorney Is Reasonable

7      The second step in calculating the lodestar amount is determining a reasonable hourly rate.
8  When determining whether the rate is reasonable, courts consider an attorney's skill, experience and
9  expertise; the nature of the work performed; the attorney's customary billing rate; and the prevailing
10 market rates charged by attorneys of similar skill and experience for comparable services in the
11 community.[45]
12     The rates charged by counsel in this case are more than reasonable in light of the skill,
13 experience and expertise, and the prevailing market rates charged by attorneys and advocates of
14 similar skill and experience.

### 4. Lodestar Amount

16     The final step in calculating the fee portion of the lodestar amount is multiplying the hours
17 reasonably worked by the reasonably hourly rate. As demonstrated by Declaration of Fred W.
18 Schwinn and the attached time records, Plaintiff's attorney's office has expended 20.1 hours, and
19 $429.28 in costs, in the prosecution of this matter, and that they should be awarded $6,459.28 for
20 that time and expense.

### CONCLUSION

22     The purpose of statutory penalties is to deter the kind of unlawful conduct which occurred
23 in this case. As explained in the preceding sections of this memorandum, Defendant's violations

---

[43] *Serrano v. Unruh*, 32 Cal. 3d 621, 633 (1982) (Serrano IV); *Sundance Municipal Court*, 192 Cal. App. 3d 268, 273-274 (1982).

[44] *Stokus v. March*, 217 Cal. App. 3d 647, 656 (1990) (compensation for pre-trial legal services include issue evaluation, discovery, trial preparation, and preparation of trial memorandum).

[45] *Serrano IV*, supra, 32 Cal. 3d at 643.

of the federal FDCPA and California RFDCPA were numerous. For all the reasons stated above, Plaintiff requests an award of $3,000 in statutory damages and penalties.

Additionally, Plaintiff should be awarded attorney's fees for all the time reasonably expended and the costs incurred in the case. Plaintiff's attorney has demonstrated that he reasonably expended 20.1 hours in the prosecution of this matter, and that he should be awarded $6,030.00 for that time, and $429.28 in advanced expenses.

Therefore, the total amount of the Judgment in this matter should be $9,459.28. A proposed Judgment is attached to this motion for the Court's use and convenience.

                                  CONSUMER LAW CENTER, INC.

                                  By: /s/ Fred W. Schwinn
                                       Fred W. Schwinn, Esq.
                                       Attorney for Plaintiff
                                       PATRICIA CLAIRE BANKSTON