JEFFER, MANGELS, BUTLER & MARMARO LLP
MICHAEL J. HASSEN (Bar No. 124823), mjh@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone:   (415) 398-8080
Facsimile:   (415) 398-5584

Attorneys for Defendant PHYCOM CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA CLAIRE BANKSTON,<br><br>Plaintiff,<br><br>v.<br><br>PHYCOM CORP., a California corporation,<br><br>Defendant. | CASE NO.   C07-03982 JF PVT<br><br>**DEFENDANT PHYCOM CORP.'S OPPOSITION TO MOTION FOR DEFAULT**<br><br>Date:         February 22, 2008<br>Time:         9:00 a.m.<br>Courtroom: 3<br>Judge:        Hon. Jeremy Fogel |

I.  **INTRODUCTION AND SUMMARY OF FACTS**

This lawsuit epitomizes the misuse of judicial resources. On August 10, 2006, defendant PhyCom sent a collection letter to plaintiff Patricia Bankston concerning a $35 debt. Bankston Dec., ¶ 6. She does not deny this debt was valid, she does not allege PhyCom ever contacted her again, and she does not allege any further steps were taken to collect this debt. *See* Bankston Dec. Nonetheless, almost a full year later, on August 2, 2007, plaintiff hired an attorney and invoked the federal courts to complain about whether the year-old letter complied with the Fair Debt Collection Practices Act (FDCPA). *See* Complaint. At best, this dispute is a small claims matter for state court; at worst, the dispute is frivolous. And at bottom, the suit was filed solely to collect attorney fees. ***Plaintiff's declaration does not allege any injury suffered from her August 2006 receipt of the letter…no loss of sleep, no anxiety, no emotional distress, and she did not pay the debt.*** *See* Bankston Dec. Federal courts should be used to redress injury, not to manufacture attorney fees.

Fully aware that attorney fees would drive the litigation, PhyCom immediately contacted plaintiff's counsel and requested a settlement demand by Friday, September 7 or an extension of time to respond to the Complaint, *see* Hassen Dec., ¶ 2 and Exh. A thereto; plaintiff's counsel did not respond, *see* Exh. A to Hassen Dec. PhyCom again contacted plaintiff's counsel on September 10, 2007 and requested a demand and/or an extension of time to respond to the Complaint; plaintiff's counsel did not timely respond so PhyCom filed its motion to dismiss. *See id.*, ¶ 3 and Exh. A thereto. Later that day plaintiff contacted PhyCom's counsel and demanded $4500 in settlement, *id.*, ¶ 4; PhyCom countered at $2500 noting that attorney fees could not possible warrant a $4500 demand and that it was patently unreasonable, *id.*, ¶ 5 and Exh. B thereto. **The records submitted by plaintiff's counsel confirm that as of the date of the $2500 settlement offer he had incurred only $1230 in attorney fees.** *See* Exh. A to Schwinn Dec.

Despite the fact that plaintiff's attorney fees were less than half the amount of the settlement offer and that only $2000 separated the parties, plaintiff refused to respond to the $2500 counteroffer and by letter dated September 24, 2007, PhyCom again contacted plaintiff's counsel requesting a response. Hassen Dec., ¶ 6 and Exh. C thereto. That letter opined that "the amount offered more than covers your reasonable attorney fees to date and any alleged damages suffered by your client." *Id.* PhyCom also warned that a refusal to negotiate in good faith would be brought to the attention of the Court in connection with any attorney fee motion, *id.* Ultimately, plaintiff rejected the counteroffer and refused to negotiate further. Hassen Dec., ¶ 7.

Following this Court's denial of the motion to dismiss, PhyCom permitted its default to be taken because the amounts at stake did not justify incurring additional attorney fees in defense. Hassen Dec., ¶ 8. This reflected solely a cost-benefit analysis, not a concern about the merits. *Id.* Plaintiff now requests $3000 in statutory damages and $6459.28 in attorney fees and costs based on a single letter that sought to collect a $35 valid debt. The amount sought is thus more than ***270 times*** the amount of the underlying debt. PhyCom urges this Court in its discretion to deny plaintiff any damages and to deny plaintiff's counsel any attorney fees. *Id.*, ¶ 8 and Exh. D thereto.

***PhyCom begs the Court to determine this motion on the papers, as the cost of appearing at and arguing a motion on the merits are not justified in light of the minimal amounts at stake.***

## II. ARGUMENT

### A. Plaintiff's Request for Damages

This Court has complete discretion in determining whether to award statutory damages under the FDCPA, and may in its discretion properly refuse to award **any** statutory damages. See *Lester E. Cox Medical Center, Springfield, Missouri v. Huntsman*, 408 F.3d 989, 993 (8th Cir. 2005). In *Huntsman*, as here, sought "the maximum $1000 damage amount" allowed by the FDCPA, *id.*, at 993, but the district court awarded nominal damages of $1, *id.*, at 992. The Eighth Circuit explained that even though the district court granted plaintiff's motion for summary judgment, expressly finding the debt collector "used a false and misleading name to collect its debts in violation of the FDCPA" *id.*, establishing a statutory violation "does not end the inquiry," *id.*, at 993. Rather, "In assessing statutory damages, a district court considers: (1) the frequency and persistence of non-compliance; (2) the nature of such non-compliance; (3) the extent to which the non-compliance was intentional." *Id.* In *Huntsman*, the district court found the noncompliance to be "not frequent, persistent, or intentional and minor in nature," *id.*, at 993-94. In such cases, a court properly may refuse to award any damages at all. *Id.*, at 994 (citations omitted).

This is the case here. Plaintiff does not argue that PhyCom's conduct was "frequent," only that there were allegedly "frequent" violations in the one letter sent to plaintiff. See Motion, at 5-6. Moreover, this Court has not ruled as a matter of law that PhyCom violated the FDCPA, only that the complaint pleaded sufficient facts to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. Thus, the facts here are even weaker than in *Huntsman*. There is no evidence as to the frequency which with the letter was sent, there is no evidence that the violations were intentional, and the alleged violations are minor.[1] Moreover, the collection letter in *Huntsman* **worked** – the debtor was misled and "paid part of the bill," 408 F.3d at 991. Plaintiff blew off the August 2006 letter, paid nothing on the debt, and a year passed without further contact.

---

[1] For example, plaintiff complains that the collection letter fails to provide her with the name and address of the original creditor, *see* Motion, at 7:26-8:2, but her own declaration reveals she knew the debt was owed to Radiological Associates, *see* Bankston Dec., ¶¶ 3-4, and the letter identifies the original creditor as "RAMG" and requests payment be sent to the name and address of that original creditor at "RAMG, P.O. Box 1430, Los Gatos, CA 95031," *see* Exh. 1 to Bankston Dec.

1  PhyCom urges that statutory damages should be denied entirely. At the very least, it is
2  fundamentally unfair to punish PhyCom under three separate statutes for the single act of sending a
3  single letter, particularly as plaintiff suffered absolutely no damages and paid nothing on the debt.
4  Accordingly, PhyCom respectfully requests that at most only nominal damages be awarded.

### B.  Plaintiff Counsel's Request for Attorney Fees

Preliminarily, in an effort to avoid wasting court time and avert needlessly incurring attorney fees, PhyCom immediately investigated settlement of this small claims matter and offered plaintiff more than double the full amount of attorney fees incurred as of that date. No counter was made, and no explanation was given as to why the offer was unacceptable. The simple fact is that this lawsuit was filed to collect attorney fees. This Court has prior experience with Mr. Schwinn's "unyielding and, in some ways, unreasonable approach" to settlement. *See Giovannoni v. Binda & Keys, P.C.*, U.S.D.C. Court No C05-01654 (N.D. Cal. March 20, 2006), Jeremy Fogel, J., Order Denying Motion to Alter or Amend Judgment, *see* Hassen Dec., ¶ 9 and Exh. E thereto. In essence, PhyCom urges that any substantial award of fees "would over-encourage litigation alleging technical violations of this statute [the FDCPA] and other statutes aimed principally at collecting attorney fees." *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 630 (4th Cir. 1995) (affirming district court order reducing attorney fees to $500).

The Fourth Circuit's observation describes perfectly Mr. Schwinn's practice. The federal courts are inundated by small claims disputes over, at best, technical violations of the FDCPA that result in no injury. Particularly here, where defendant – fully cognizant that the lawsuit was driven by attorney fees – directed all possible effort to early resolution and offered an amount that was more than reasonable under the circumstances, a message must be sent to encourage plaintiffs' counsel who live off of filing FDCPA lawsuits that reasonable settlement offers cannot be ignored without consequence.

Plaintiff's counsel banked on the assumption that if he delayed resolution of the litigation then he could continue to incur attorney fees and, even if this Court cut the request in half – as it did in *Giovannoni* – come out with more money than settling early on for double the attorney fees he had incurred up to that point. Indeed, PhyCom defaulted rather than be subjected to wide-ranging

discovery because plaintiff's counsel was determined to turn a molehill into the proverbial mountain. *See* Hassen Dec., ¶ 8 and Exh. D thereto. Such conduct shows utter disregard for the value and time of federal judicial resources. Article III courts exist to serve injured citizens and to redress present cases and controversies; plaintiffs' FDCPA counsel should not be rewarded for refusing to negotiate in good faith and for rejecting reasonable settlement offers.

In sum, PhyCom does not dispute the reasonableness of Mr. Schwinn's $1230 in fees incurred up through the September 10, 2007 settlement offer, but urges this Court to award significantly less than this amount, if any, due to his refusal to negotiate in good faith, his act of requiring PhyCom incur additional attorney fees in defending against a small claims matter, and the burden on the federal judiciary resulting from his unreasonable conduct.

### III.  CONCLUSION

For the reasons set forth above and in the moving papers, defendant respectfully submits that plaintiff should not be awarded any damages, or at most only nominal damages, and that plaintiff's counsel should not be awarded any attorney fees at all, or at most no more than the $1230 reasonably incurred through the time he rejected without explanation or counter PhyCom's $2500 settlement offer, particularly as that offer exceeded the combined sum of the maximum statutory damages recoverable under the FDCPA ($1000) and the full amount of attorney fees incurred up to that date ($1230).

PhyCom also respectfully renews its request that the Court resolve this motion on the papers in order to avoid additional attorney fees and court time in this matter.

DATED: January 25, 2008

JEFFER, MANGELS, BUTLER & MARMARO LLP
MICHAEL J. HASSEN


By: /s/Michael J. Hassen
    MICHAEL J. HASSEN
Attorneys for Defendant PHYCOM CORP.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On January 25, 2008 I served the document(s) described as

**1. DEFENDANT PHYCOM CORP.'S OPPOSITION TO MOTION FOR DEFAULT;**

**2. DECLARATION OF MICHAEL J. HASSEN IN OPPOSITION TO MOTION FOR DEFAULT JUDGMENT AWARDING ATTORNEY FEES AND COSTS;**

in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Fred W. Schwinn, Esq.
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, CA 95113-2403

☒ (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (BY ELECTRONIC SERVICE) via U.S. District Court, Northern Division, Case Management/Electronic Case Files, Filing System. I served a copy of the above-listed document(s) to the e-mail addresses of the addressee(s) by use as identified and maintained therein..

Executed on January 25, 2008 at San Francisco, California.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Angela Pereira

660650v1

- 6 -    PHYCOM'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT