JEFFER, MANGELS, BUTLER & MARMARO LLP
MICHAEL J. HASSEN (Bar No. 124823), mjh@jmbm.com
J. T. WELLS BLAXTER (Bar No. 190222),
WBlaxter@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California  94111-3824
Telephone:     (415) 398-8080
Facsimile:      (415) 398-5584

Attorneys for Defendant PHYCOM CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA CLAIRE BANKSTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHYCOM CORP.,<br><br>　　　　Defendant. | CASE NO.     C07-03982 JF PVT<br><br>**DECLARATION OF MICHAEL J. HASSEN IN OPPOSITION TO MOTION FOR DEFAULT JUDGMENT AWARDING ATTORNEY FEES AND COSTS**<br><br>Date:          February 22, 2008<br>Time:         9:00 a.m.<br>Courtroom: 3<br>Judge:        Hon. Jeremy Fogel |

　　　　I, MICHAEL J. HASSEN, declare:

　　　　1.　　I am an attorney at law, licensed to practice before all of the state and federal courts within the State of California, and am a partner at the law firm of Jeffer, Mangels, Butler & Marmaro LLP, counsel of record for defendant PhyCom Corp.  The following facts are within my personal knowledge and, if sworn to testify, I could and would testify competently hereto.

　　　　2.　　During the week of September 3, 2007, I telephoned plaintiff's counsel, Fred Schwinn, and left a voicemail requesting a settlement offer to resolve the dispute.  I advised him that our responsive pleading was due on Monday, September 10, and so I needed an offer by Friday, September 7, and/ or an extension of time to respond to the Complaint.  Mr. Schwinn did not respond to my voicemail.

3. On September 10, 2007, I sent a letter to plaintiff's counsel memorializing the voicemail and again requesting a response. A true and correct copy of that letter is attached hereto as Exhibit A.

4. Later that day, Mr. Schwinn contacted me and offered to settle the case for $4500.

5. By letter dated September 10, 2007, a true and correct copy which is attached hereto as Exhibit B, I conveyed to plaintiff's counsel PhyCom's counteroffer of $2500.

6. Plaintiff's counsel did not respond to the $2500 offer, and on September 24, 2007, I sent another letter to plaintiff's counsel requesting a response. A true and correct copy of that letter is attached hereto as Exhibit C.

7. Ultimately, plaintiff's counsel rejected the $2500 offer and refused to negotiate further.

8. Following this Court's denial of the motion to dismiss, PhyCom permitted its default to be taken because the amounts at stake did not justify incurring additional attorney fees in defense. This reflected solely a cost-benefit analysis, not a concern about the merits. This decision was also predicated on word from plaintiff's counsel that he intended to conduct wide-ranging discovery in the case. By letter dated December 10, 2007, I advised plaintiff's counsel that discovery would not be permitted and that he should instead take PhyCom's default rather than pursue discovery. A true and correct copy of that letter is attached hereto as Exhibit D.

9. Attached hereto as Exhibit E is a true and correct copy of this Court's order in *Giovannoni v. Binda & Keys, P.C.*, U.S.D.C. Court No C05-01654 (N.D. Cal. March 20, 2006), Jeremy Fogel, J.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 25th day of January, 2008, at San Francisco.

/s/ Michael J. Hassen
MICHAEL J. HASSEN