# EXHIBIT A



**JMBM** | Jeffer Mangels
Butler & Marmaro LLP

Michael J. Hassen
mjh@jmbm.com

Two Embarcadero Center, 5th Floor
San Francisco, California 94111-3824
(415) 398-8080    (415) 398-5584 Fax
www.jmbm.com

September 10, 2007

*VIA FACSIMILE AND U.S. MAIL*
*(408) 294-6190*

Fred W. Schwinn
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, CA  95113-2403

Re:    <u>Bankston v. PhyCom Corp., Case No. C07-03982 JF PVT</u>

Dear Mr. Schwinn:

Last week I left a voicemail requesting a return telephone call to discuss your
purpose in filing the above-entitled lawsuit.  Specifically, I noted that the statutory damages
awardable under the FDCPA and the Rosenthal Act were capped at $1,000.00, and observed that
it seemed likely that a settlement could be reached for less than the cost of responding to the
complaint.  I asked you to advise me of what your client sought in damages, and what it would
take to settle this case.

I also noted that PhyCom's responsive pleading was due on Monday,
September 10, 2007, and accordingly it would be helpful to hear from you before the end of the
day on Friday or, alternatively, to receive from you an extension of time to answer the complaint
so that attorney fees were not incurred needlessly.  Unfortunately, we did not receive the
courtesy of a return call.

Please advise us by noon today whether you are interested in settling this case
informally.  If so, we need you to grant PhyCom an extension of time to file a responsive
pleading while the parties seek to resolve this matter.  If not, we will file a responsive pleading
and vigorously oppose any attorney fee request on the grounds that this matter should have been
filed in small claims court and that you rejected reasonable efforts to settle this case before
unnecessarily incurring attorney fees.

Very truly yours,

*DICTATED BUT NOT READ*

MICHAEL J. HASSEN of
Jeffer, Mangels, Butler & Marmaro LLP

MJH:kew

# EXHIBIT A

A Limited Liability Law Partnership Including Professional Corporations  /  Los Angeles • San Francisco • Orange County
621365v1

# EXHIBIT B

# JMBM | Jeffer Mangels Butler & Marmaro LLP

Michael J. Hassen
mjh@jmbm.com

Two Embarcadero Center, 5th Floor
San Francisco, California 94111-3824
(415) 398-8080   (415) 398-5584 Fax
www.jmbm.com

September 10, 2007

*VIA FACSIMILE AND U.S. MAIL*
*(408) 294-6190*

Fred W. Schwinn
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, CA 95113-2403

Re:     Bankston v. PhyCom Corp., Case No. C07-03982 JF PVT

Dear Mr. Schwinn:

This morning we discussed your settlement offer with our client. First, your letter states that your offer "does not anticipate a settlement agreement or release." Our client is unwilling to settle this lawsuit without a settlement agreement and general release of all claims arising out of the notice, and our office is willing to take responsibility for drafting that document so that Ms. Bankston need not incur that cost.

Second, the proposed amount appears to be unreasonably high. The complaint mirrors dozens of similar complaints filed by your office, and it takes very little time to perform a "global replace" to substitute in new party names. We also believe the complaint fails on the merits (for reasons set forth in the motion to dismiss), and that even if a technical violation occurred, Ms. Bankston will not be awarded significant statutory damages under the facts of this case. Nonetheless, in an effort to resolve this case before additional attorney fees are incurred, PhyCom is willing to pay $2,500 to settle all claims, including attorney fees and costs.

I look forward to your response.

Very truly yours,

MICHAEL J. HASSEN of
Jeffer, Mangels, Butler & Marmaro LLP

MJH:kew

EXHIBIT B

A Limited Liability Law Partnership Including Professional Corporations / Los Angeles • San Francisco • Orange County
621570v1

# EXHIBIT C



JMBM | Jeffer Mangels
      | Butler & Marmaro LLP _____

Michael J. Hassen                                    Two Embarcadero Center, 5th Floor
mjh@jmbm.com                                         San Francisco, California 94111-3824
                                                     (415) 398-8080    (415) 398-5584 Fax
                                                     www.jmbm.com

                          September 24, 2007

                                        *VIA FACSIMILE AND U.S. MAIL*
                                                   *(408) 294-6190*

Fred W. Schwinn
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, CA 95113-2403

         Re:    Bankston v. PhyCom Corp., Case No. C07-03982-JF PVT

Dear Mr. Schwinn:

         We still have not received a response to our letter to you dated September 10,
2007. We believe the amount offered more than covers your reasonable attorneys fees to date
and any alleged damages suffered by your client.

         We reiterate that if you decide to pursue litigation, we will raise with the court
your refusal to negotiate in good faith and will oppose any award of attorney fees.

                          Very truly yours,

                          MICHAEL J. HASSEN of
                          Jeffer, Mangels, Butler & Marmaro LLP

MJH:kew

                          EXHIBIT C

A Limited Liability Law Partnership Including Professional Corporations / Los Angeles • San Francisco • Orange County
622731v1

# EXHIBIT D



## JMBM | Jeffer Mangels Butler & Marmaro LLP

Michael J. Hassen
mjh@jmbm.com

Two Embarcadero Center, 5th Floor
San Francisco, California 94111-3824
(415) 398-8080    (415) 398-5584 Fax
www.jmbm.com

December 10, 2007

*VIA FACSIMILE AND U.S. MAIL*
*(408) 294-6190*

Fred W. Schwinn
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, CA  95113-2403

Re:    *Patricia Claire Bankston v. PhyCom Corp.*
       USDC, Northern District of California Case No. C07-03982 JF PVT

Dear Mr. Schwinn:

We are increasingly frustrated by your insistence on finding new and creative ways to run up attorney fees in what, at best, is a state-court small claims matter. We have conducted computer research and found cases where you have taken pride in advising the Court that you aggressively rejected settlement offers, apparently to run up attorney fees. In light of the fact that the parties were only $2,000 apart in settlement at the outset of this case, but you insisted on a return of roughly $1,000 per hour for your time up to that date, we see history repeating itself. This seems particularly true given the fact that you refuse to sit down and mediate, as agreed, prior to spending needless time and money on discovery.

As you know, PhyCom did not answer the complaint. That was an intentional decision, based on your prior communication that you intended to conduct wide-ranging discovery in this case. While PhyCom believes it could win this case on the merits, the attorney fees that would be incurred would far exceed any amounts "saved" by winning the case. By defaulting, all discovery is rendered moot, as is the Rule 26(f) discovery plan. You may take PhyCom's default and then prove up damages and your attorney fees and costs; we will oppose any demand that is excessive as to either item. We will not, however, provide you with further opportunities to run up attorney fees. Alternatively, we again request a settlement offer. This case has wasted enough court time, and we should be able to resolve it informally.

Very truly yours,

MICHAEL J. HASSEN of
Jeffer, Mangels, Butler & Marmaro LLP

MJH:kew

## EXHIBIT D

A Limited Liability Law Partnership Including Professional Corporations  /  Los Angeles • San Francisco • Orange County
643143v1

# EXHIBIT E



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 709016 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

**H** Giovannoni v. Bidna & Keys, a Professional Law Corp.
N.D.Cal.,2006.
Only the Westlaw citation is currently available.NOT FOR CITATION
United States District Court, N.D. California,
San Jose Division.
Flora Marie GIOVANNONI, Plaintiff,
v.
BIDNA & KEYS, A PROFESSIONAL LAW CORPORATION, et al., Defendants.
**No. C 05-01654 JF(HRL).**

March 20, 2006.

Frederick William **Schwinn**, San Jose, CA, for Plaintiff.
Harvey M. Moore, Bidna & Keys, APLC, Newport Beach, CA, for Defendants.

ORDER [FN1] DENYING MOTION TO ALTER OR AMEND JUDGMENT

> FN1. This disposition is not designated for publication and may not be cited.JEREMY **FOGEL**, J.

[Docket No. 34]

*1 On February 3, 2006, this Court issued an order granting in part and denying in part the motion for attorney's fees filed by Plaintiff Flora Marie Giovannoni ("Giovannoni"). The Court concluded that the $8,677.50 in attorney fees requested by Giovannoni's counsel, Fred W. Schwinn ("Schwinn"), was excessive, and granted attorney fees in the amount of $4,338.75. On February 13, 2006, Giovannoni filed a motion to alter or amend this judgment, pursuant to Federal Rule of Civil Procedure 59(e), on the ground that the Court did not explain the reasons underlying its decision to award only half of the requested fees. Defendants oppose the motion. Schwinn set a hearing date of March 31, 2006 for the instant motion. However, in its discretion, the Court concludes that this motion is appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b). By this order, the

hearing date will be vacated, and the Court will decide the instant motion on the submitted papers. Because the Court did consider the relevant factors and the detailed billing records prior to issuing its previous Order, the Court will deny the instant motion. However, the Court will offer a more detailed explanation of its reasoning.

As the Court noted in its previous Order, the instant case is not fundamentally novel or difficult. This represents just one of the grounds upon which the Court based its reduction of fees. In his motion on behalf of Giovannoni, Schwinn argues that because the attorney fees were increased by the "unyielding approach" of the Defendants, his attorney fees were reasonable. However, the Court based its reduction of Schwinn's fees in part on its belief that Schwinn took a similarly unyielding and, in some ways, unreasonable approach. As Defendants argued in their papers and at oral argument on February 3, 2006, Schwinn prolonged settlement negotiations by, for example, demanding *more* than originally demanded after having received Defendants' counter-offer. On May 4, 2005, Harvey Moore ("Moore") received a letter from Schwinn demanding $4,000 to settle the case. Moore Decl., ¶ 13. On July 26, 2005, Moore sent an e-mail to Schwinn, summarizing their settlement negotiations: "It is my understanding that you were at $4,000 and we offered $2,850. Surely, there is some mid-point between these numbers that we can agree on."*Id.,* Ex. 4. On August 4, 2005, Schwinn sent an e-mail to Moore in which he demanded $6,000 to settle the case. *Id.,* Ex. 5. He further warned Moore, "Please keep in mind that these are fee shifting statutes. This means that our 'best settlement offer' will continue to rise as I am required to spend more time on this matter. The more time it takes to resolve this matter the more it will ultimately cost your company in attorney fees when the case is over. Please govern yourself accordingly."*Id.*

Additionally, as Schwinn acknowledged at oral argument, Schwinn could have contacted Defendants directly when he and Giovannoni were confused by the check and request for a release of the judgment sent by Defendants. Instead, Schwinn decided to hold the check and wait for judgment to be entered and the

EXHIBIT E

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 709016 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

attorney fee issue to be resolved. Giovannoni Decl., ¶ 10. This caused additional delay and expense to all the parties, and indicates that Schwinn did not approach the settlement of the instant case an efficient and reasonable manner. Moreover, Schwinn's failure to address in his reply brief the questions regarding Giovannoni's failure to deposit her check-a failure that caused the Court to schedule oral argument and request additional filings-indicates that Schwinn was not paying careful attention to the details of the instant case.

**\*2** Thus, the Court reduced Schwinn's requested attorney fees on the grounds that the case was neither novel nor difficult, that Schwinn unreasonably prolonged settlement negotiations, and that Schwinn did not represent Giovannoni as efficiently and effectively as would be expected of an attorney who bills $300 per hour. In considering these factors, the Court cannot identify specifically which of the hours billed by Schwinn should be reduced. Instead, the Court considered these factors generally, together with other factors demonstrating the various strengths of Schwinn's representation of Giovannoni, in reaching its conclusion that a reduction of the attorney fees request by half was appropriate. Accordingly, having carefully considered the evidence and arguments related to the motion for attorney fees, the Court will deny the instant motion to modify or amend the judgment.

IT IS SO ORDERED.

N.D.Cal.,2006.
Giovannoni v. Bidna & Keys, a Professional Law Corp.
Not Reported in F.Supp.2d, 2006 WL 709016 (N.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.