Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
PATRICIA CLAIRE BANKSTON

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA CLAIRE BANKSTON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>PHYCOM CORP., a California corporation,<br><br>　　　　　　　Defendant. | Case No. C07-03982-JF-PVT<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>Date:　　　　February 22, 2008<br>Time:　　　　9:00 a.m.<br>Judge:　　　Honorable Jeremy Fogel<br>Courtroom:　3, 5th Floor<br>Place:　　　280 South First Street<br>　　　　　　San Jose, California |

　　　COMES NOW the Plaintiff, PATRICIA CLAIRE BANKSTON, by and through her attorney Fred W. Schwinn of the Consumer Law Center, Inc., and hereby submits her Reply Memorandum in Support of Motion for Default Judgment.

## POINTS AND AUTHORITIES

**I.　Defendant has failed to comply with the FDCPA and the Rules of Court**

　　　Defendant argues, unfairly and perhaps unethically, that the purpose of this lawsuit was to generate fees for Plaintiff's counsel.[1] To support such argument, Defendant cites an Order that was

---

[1] Defendant Phycom Corp.'s Opposition to Motion for Default (Doc. 26) (hereinafter Defendant's Opposition) at 4:9-10.

-1-

designated as "NOT FOR CITATION" by this very Court.[2] Civil L.R. 3-4(e) provides as follows:

> Prohibition of Citation to Uncertified Opinion or Order. Any order or opinion that is designated: "NOT FOR CITATION," pursuant to Civil L.R. 7-14 or pursuant to a similar rule of any other issuing court, may not be cited to this Court, either in written submissions or oral argument, except when relevant under the doctrines of law of the case, res judicata or collateral estoppel.

Plaintiff comes to this Court displaying the respect and deference that this Honorable Court deserves. By knowingly citing to a "NOT FOR CITATION" opinion, Defendant comes to this Court with unclean hands, showing the same disdain and disrespect for this Court that they have shown toward the Plaintiff's valid federal claims and complete disregard for the laws Congress enacted and mandates this Court to enforce. The Court should see Defendant's smear tactic for what it is, a diversion.

**II.    Defendant Has Acted In Bad Faith Throughout the Course of This Case**

Defendant made a conscious choice to prepare, file and serve a Motion to Dismiss[3] on the very same communication, for the very same violation, in the very same Court where it had already lost a similar Motion to Dismiss.[4] Had Plaintiff engaged in such frivolous and wasteful conduct, Defendant would be demanding sanctions.

This is an example of the disturbing trend whereby unscrupulous debt collectors are choosing to deliberately fight every FDCPA case, rather than simply admit to and correct their unlawful conduct, only to then argue that the attorney fees and costs expended are unreasonable. This litigation strategy increases the burden on the Court and unnecessarily increases the attorney fees and costs for all parties, violates 28 U.S.C. § 1927, and evidences the debt collection industry's attempt to shift the focus of legitimate FDCPA cases away from the very violations the case was brought to redress. This Court can signal an end to this trend by following the mandate of Congress and requiring Defendant to pay the reasonable attorney's fees and costs expended as a result of its

---

[2] Defendant's <u>Opposition</u> at 4:10-13, <u>Declaration of Michael J. Hassen</u> (Doc. 26) Exhibit "E."

[3] (Doc. 5).

[4] *See*, *Kreek v. Phycom Corporation*, 2007 U.S. Dist. LEXIS 30652 (N.D. Cal. April 26, 2007) (J. Ware).

-2-

REPLY MEMORANDUM                                                    Case No. C07-03982-JF-PVT

violations of federal and state law, and its unwillingness to admit or correct its violations before causing undue fees and expense.

Unethical debt collectors and their counsel have begun employing a litigation strategy of refusing to resolve simple FDCPA cases without Court intervention with the intent of clogging the Court's docket and thereby annoy the Court to the point that it despises these cases. The Court should not entertain this vexatious litigant approach. It must be understood that Congress intended that debt collectors be regulated by the economics of private litigation instead of through a taxpayer funded governmental agency. This policy decision made by Congress is very sound when viewed in its proper context. Instead of burdening all taxpayers with the costs of regulatory governmental agency for an industry clearly in need of regulation,[5] Congress decided that the debt collection industry should be regulated through the economic disincentive of private litigation. In making this policy decision, it was the intent of Congress that the full cost of regulating the debt collection industry be borne by the members of that industry who are found to be in violation of the regulatory scheme it established—the Fair Debt Collection Practices Act. Debt collectors found to be in violation of the regulatory scheme would be required to pay all the costs associated with compelling their compliance—not the taxpayers. If the debt collection industry wants to challenge the regulatory scheme established by Congresses, their remedy lies with the Congress and not in the Courts. Under the established regulatory scheme, the Courts are charged with determining whether a subject collection practice is unlawful and assessing the prescribed remedy: actual damages, statutory damages, attorney's fees and costs. This Court can stop the debt collection industry's assault on its docket by simply refusing to tolerate this vexatious litigation approach and carrying out the intent of Congress—FDCPA violators pay the full cost of their regulation.

If the unscrupulous debt collector herein is not concerned by violations of federal law and not respectful of the power and authority of this Court, then this debt collector, and others like it,

---

[5] *See* 15 U.S.C. § 1692 ("There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. . . . Existing laws and procedures for redressing these injuries are inadequate to protect consumers.").
.

1  will continue to ignore the law, deceive consumers, and mock this Court when brought before it.
2  Tolerating the litigation strategy taken by Defendant in this case will not stop the number of FDCPA
3  cases filed, but may serve to increase them as consumers fight the injustice of Defendant's unlawful
4  collection practices (continuing to use deceptive collection letters after being put on notice they
5  violate federal).

6  Plaintiff respectfully requests that this Court stop the trend, by first enforcing the "violator
7  pays" regulatory scheme Congress has mandated this Court enforce.  Only then will debt collectors
8  understand that violating the law comes at a price—the price Congress prescribed—and the rise of
9  FDCPA cases will subside.

10 **III.    Plaintiff's $4,500 Settlement Offer Was Reasonable at the Time Offered and**
11 **Was Less than Plaintiff Was Actually Entitled to Under the FDCPA**

12  Defendant asserts that Plaintiff's $4,500 settlement offer was more than Plaintiff was legally
13  entitled to receive at the time it was offered.[6]  Plaintiff's $4,500 settlement offer was made on
14  September 10, 2007.[7]  As of that date Plaintiff had incurred 4.1 hours in attorney fees in the case,
15  a total of $1,230.00 at the prevailing market rate.[8]  In addition to attorney fees, Plaintiff had incurred
16  $424.35 in costs, including the filing fee and cost of service of process for Defendant.[9]  Finally,
17  Plaintiff sought $3,000.00 in statutory damages consisting of $1,000.00 pursuant to 15 U.S.C. §
18  1692k(a)(2)(A), $1,000.00 pursuant to Cal Civil Code § 1788.30(b), and $1,000.00 pursuant to 15
19  U.S.C. § 1692k(a)(2)(A) as incorporated by Cal. Civil Code § 1788.17.[10]  When Plaintiff's attorney
20  fees, litigation costs and statutory penalties/damages are added together, Plaintiff could have

---

[6]  Defendant's Opposition (Doc. 26) at 2:9-11.

[7]  Supplemental Declaration of Fred W. Schwinn in Support of Motion for Default Judgment (hereinafter "Supplemental Declaration") ¶ 2.

[8]  Supplemental Declaration ¶ 3.

[9]  Supplemental Declaration ¶ 4.

[10]  Complaint (Doc. 1) 8:25 to 9:2; Supplemental Declaration ¶ 5.

-4-

1  reasonably offered $4,654.35 as a settlement on September 10, 2007.[11] Defendant's claim that
2  Plaintiff was entitled to less than the $4,500 settlement offered is clearly false. Furthermore,
3  Defendant could have simply provided a reasonable counter offer if it did not agree with Plaintiff's
4  valuation of the case. Instead, Defendant sought to burden the Court and Plaintiff by litigating a
5  case that could not possibly be won, and relitigating a Motion to Dismiss it had already lost.

## **CONCLUSION**

7  The Opposition filed by the Defendants herein is wholly without merit. For the reasons
8  stated herein this Court should overrule the Defendant's Opposition to Plaintiff's Motion for Default
9  Judgment and award Plaintiff the full $3,000 in statutory penalties and damages available under the
10 statutes together with a full award of attorney fees and costs in the previously requested amount of
11 $6,459.28 plus an additional $900 in attorney fees incurred in this matter reviewing the Defendant's
12 Opposition and drafting this Reply. The total award sought in this matter is $10,359.28.

Respectfully Submitted,

Dated: February 6, 2008                     CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    PATRICIA CLAIRE BANKSTON

---

[11] Supplemental Declaration ¶ 6.

-5-

REPLY MEMORANDUM                                      Case No. C07-03982-JF-PVT