**E-Filed 9/25/2008**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA CLAIRE BANKSTON,<br><br>Plaintiff,<br><br>v.<br><br>PHYCOM CORP., a California corporation,<br><br>Defendant. | Case Number C 07-03982 JF (PVT)<br><br>ORDER[1] GRANTING MOTION FOR DEFAULT JUDGMENT<br><br>[re: doc. no. 25] |

Plaintiff Patricia Claire Bankston brought the instant case against Defendant PhyCom Corp. for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the California Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("RFDCPA"), in connection with Defendant's attempted collection of a debt. Defendant was served with the complaint but failed to file a responsive pleading. Plaintiff subsequently filed a motion for entry of default, and the Clerk entered Defendant's default on December 12, 2007. Plaintiff now seeks default judgment against Defendant.

---

[1] This disposition is not designated for publication and may not be cited.

**I. BACKGROUND**

Plaintiff alleges that Defendant sent a collection letter that failed to comply with certain provisions of the FDCPA and RFDCPA. It is undisputed that Plaintiff incurred a $35 debt after receiving medical services. Defendant, which provides billing services to medical providers, then sent Plaintiff the collection letter in question. It appears that Plaintiff never paid the $35 debt, even after receiving the collection letter.

Plaintiff filed the instant action on August 2, 2007, approximately one year after receiving the collection letter. The complaint stated that the collection letter contained several violations of the FDCPA and RFDCPA, and specifically alleged that the letter (1) falsely represented that a lawsuit could or would be filed against Plaintiff, and (2) misrepresented Plaintiff's rights regarding the debt.

After the complaint was filed, Defendant's counsel contacted opposing counsel regarding a possible settlement. These settlement negotiations were fruitless, and subsequently Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Court denied the motion to dismiss. Defendant failed to file an answer and defaulted, apparently as a result of a conscious decision to minimize litigation expenses. Plaintiff then filed the instant motion, requesting $3,000 in statutory damages, $6,930 in attorneys' fees, and $429.28 in costs.[2]

Defendant opposes the motion, arguing that the damages request is unreasonable because the collection letter did not constitute an egregious violation of the FDCPA or RFDCPA. Defendant also argues that Plaintiff's request is patently unreasonable in light of the fact that the underlying debt was a mere $35. Defendant accuses Plaintiff's counsel of refusing reasonable settlement offers in a deliberate effort to increase his attorneys' fees.

The instant motion and Defendant's opposition were taken under submission without a hearing at the request of the parties pursuant to Civ. L. R. 7-1(b).

---

[2] Plaintiff's original motion requested $6,459.28 in costs and fees, but Plaintiff now claims an additional $900 in fees for the three hours spent reviewing Defendant's opposition to the instant motion and drafting a reply.

2

## II.  DISCUSSION

Upon default, the well-pleaded allegations in a complaint are taken as true.  *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  However, this rule applies only to liability, not alleged damages.  *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).  Defendant's opposition does not contest the factual allegations in Plaintiff's complaint.  In addition, this Court previously has found that Plaintiff's complaint alleged sufficient facts to state a claim under both the FDCPA and RFDCPA.  Order Den. Mot. to Dismiss at 7, Nov. 19, 2007.  Accordingly, the Court finds that default judgment as to liability is appropriate.  Thus, the only remaining issues in this matter are (1) the amount of damages to be awarded to Plaintiff, and (2) whether Plaintiff is entitled to costs and attorneys' fees.

### A.  Damages under FDCPA

The FDCPA provides that a plaintiff may recover actual damages plus statutory damages of up to $1,000 for noncompliance.  15 U.S.C. § 1692k(a)(1)-(2)(A).  When considering the amount of statutory damages to award, a court may consider the nature of a defendant's noncompliance, as well as the frequency of its acts and whether the noncompliance was intentional.  15 U.S.C. § 1692k(b)(1).  *See also Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1467 (C.D. Cal. 1991) ("In assessing damages, a court must consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.").

Here, Plaintiff requests statutory damages of $1,000 under the FDCPA.  Plaintiff alleges that the collection letter, which stated that if the debt was not paid "the Doctor will consider using a collection agency or civil action to pursue the debt," violated 15 U.S.C. §§ 1692d, 1692e, 1692e(5), and 1692e(10) because the medical provider never intended to file a lawsuit to pursue collection of the debt.  Plaintiff also argues that Defendant did not adhere to certain required notice provisions as set forth in 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4), and 1692g(a)(5).  For example, while the collection letter stated that Plaintiff could request verification regarding the debt, the collection letter failed to state explicitly that such notice had to be in writing, as required by § 1692g(a)(5).

1   In rebuttal, Defendant argues that while there may have been multiple violations of the

2   FDCPA, all of these violations were minor and occurred in a single letter.  In addition, Defendant

3   states that there is no evidence that it intentionally violated the FDCPA.  Essentially, Defendant

4   concedes that while the collection letter did not technically comply with the FDCPA, this case

5   does not involve the type of egregious act that would be deserving of the maximum penalty.

6           The Court concludes that while the collection letter violated certain provisions of the

7   FDCPA, these violations were minor.  More importantly, there is no evidence of the type of

8   harassment or similar conduct that would support an enhanced statutory award.  Accordingly, the

9   Court will award $500 for Defendant's misrepresentation regarding a possible lawsuit and $500

10  for the notice deficiency, resulting in a total of $1,000 in statutory damages.

11                        B.  Damages under RFDCPA

12          Damages awards are cumulative under the FDCPA and RFDCPA for the same alleged

13  violations.  *See Meijia v. Marauder Corp*., C-06-00520, 2007 WL 806486, at *10 (N.D. Cal.

14  Mar. 15, 2007) ("Remedies under the FDCPA and RFDCPA are cumulative and penalties may

15  be awarded under both statutes.").  *See also* 15 U.S.C. § 1692n; Cal. Civ. Code § 1788.32.  The

16  amount of damages available under Cal. Civ. Code § 1788.30(b) range from $100 to $1,000.

17          Plaintiff specifically alleges a violation of Cal. Civ. Code § 1812.700, which requires that

18  debtors be provided with a formal notice of their rights.  The collection letter in this case did not

19  contain the formal notice.  Thus, Plaintiff requests an award of $1,000 for this violation, pursuant

20  to Cal. Civ. Code § 1788.30(b).  In addition, Plaintiff requests an additional $1,000 for violations

21  of Cal. Civ. Code § 1788.17, which incorporates certain sections of the FDCPA by reference and

22  states that violators will be subject to the remedies set forth in 15 U.S.C. § 1692k.  Essentially,

23  Plaintiff is arguing that cumulative recovery is available under both Cal. Civ. Code § 1788.30(b)

24  and Cal. Civ. Code § 1788.17.

25          The Court does not find Plaintiff's argument persuasive, at least under the circumstances

26  present here.  The authority cited by Plaintiff for this proposition, *Abels v. JBC Legal Group*, 227

27  F.R.D. 541, 548 (N.D. Cal. 2005), discussed expansion of § 1788.17 in the context of class

28  actions, not individual actions.  *See Mejia*, 2007 WL 806486 at *11.  *See also Napier v. Titan*

4

1  *Mgmt. Servs., LLC*, C-08-00910, 2008 WL 2949272, at *3 (N.D. Cal. July 25, 2008) ("The court

2  does not agree that Cal. Civ. Code § 1788.17 entitles plaintiff to double recovery of the FDCPA

3  damages in addition to the damages awarded for the RFDCPA violation under Cal. Civ. Code §

4  1788.30(b)."). Because there was only one collection letter, and thus one violation of Cal. Civ.

5  Code § 1812.700, the Court finds that Plaintiff is entitled to $100 in damages pursuant to Cal.

6  Civ. Code § 1788.30(b).

7         C.  Attorneys' Fees

8        Prevailing plaintiffs are entitled to costs and attorneys' fees under both the FDCPA and

9  RFDCPA. 15 U.S.C § 1692k(a)(3); Cal Civil Code § 1788.30(c). In FDCPA and RFDCPA

10 cases, courts use the lodestar method to calculate attorneys' fees. *See Cancio v. Fin. Credit*

11 *Network, Inc.*, C-04-03755, 2005 WL 1629809, at *1 (N.D. Cal., July 6, 2005). The lodestar

12 method involves multiplying a reasonable hourly rate by the number of hours that reasonably

13 would be required to perform the legal work. *See id.*

14       In the present case, Plaintiff's counsel states that his billing rate is $300 per hour and that

15 23.1 hours have been spent on this matter to date, which according to the lodestar method equals

16 $6,930 in fees. Defendant does not dispute the hourly rate, but does contest the number of hours

17 spent on the matter. Defendant notes that it offered to settle this case for $2,500 before it filed a

18 responsive pleading, which included attorneys' fees of $1,230 for time expended by Plaintiff's

19 counsel as of that date plus $1,000 in statutory damages. Defendant also alleges that Plaintiff's

20 counsel purposefully was intransigent during settlement so as to increase his attorneys' fees, and

21 that such conduct is consistent with past behavior.[3]

22       However, Defendant did file a motion to dismiss, and therefore Plaintiff's counsel was

23

24 _____

25     [3] Defendant cites a prior order in this Court discussing this very issue, but Plaintiff's counsel objects to the citation because the Court did not designate that order for publication.

26 While that is true, questions regarding the conduct of Plaintiff's counsel have been raised in other cases heard in the Northern District. *See Kinh Tong v. Capital Mgmt. Servs. Group, Inc.*, C-07-

27 01026, 2008 WL 171035, at *2 (N.D. Cal. Jan. 18, 2008) ("The chronology of events raises the question of whether plaintiff's counsel was more interested in fees than he was with recovery for

28 his client.").

Case No. C 07-03982
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
(JFLC1)

1 obligated to spend additional time on the matter.  Upon review of the billing records submitted

2 by Plaintiff's counsel, and taking judicial notice of the regularity with which Plaintiff's counsel

3 appears on matters very similar to the instant case, the Court will deduct the following time from

4 the 20.1 hours originally submitted by counsel: 1.0 hours for drafting the complaint, 0.1 hours for

5 reviewing the case management order on August 2, 2007, 0.3 hours for the client call on

6 September 24, 2007, and 0.1 hours for drafting an unavailability notice on October 2, 2001, for a

7 total reduction of 1.5 hours.  Accordingly, the Court finds that 18.6 hours was a reasonable

8 amount of time for Plaintiff's counsel to spend on this particular case, and will award $5,580 in

9 attorneys' fees.[4]

10 <center>**IV.  ORDER**</center>

11 Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for default

12 judgment is GRANTED.  Damages are awarded in the amount of $1,100, plus attorneys' fees of

13 $5,580 and $429.28 in costs.

15 DATED: September 25, 2008

18 JEREMY FOGEL
United States District Judge

---

27 [4] The Court declines to award fees for the three hours spent by Plaintiff's counsel in
opposing the motion for default judgment.  Defendant's opposition was directed almost entirely
28 to Plaintiff's fee request, and such opposition was not unreasonable.

<center>6</center>

Case No. C 07-03982
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
(JFLC1)

1   This Order has been served upon the following persons:

2   Michael John Hassen      mjh@jmbm.com, kw4@jmbm.com

3   Fred W. Schwinn      fred.schwinn@sjconsumerlaw.com, cand_cmecf@sjconsumerlaw.com, fschwinn@gmail.com

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-03982
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
(JFLC1)